IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **FELIX BENTLEY,** | * | |
| | * | |
| **Plaintiff,** | * | **CASE NO.** 3:07-CV-651-MEF |
| | * | **Removed from Circuit Court** |
| | * | **of Macon County, AL** |
| **v.** | * | |
| | * | |
| | * | |
| **GREEN TREE SERVICING LLC, ET AL.,** | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF REMOVAL

To:    The United States District Court for the Middle District of Alabama:

PLEASE TAKE NOTICE that Green Tree Servicing LLC ("Green Tree") hereby removes this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, and respectfully states to this Court as follows:

## I.    PROCEDURAL BACKGROUND

1.    This action involves the repossession of Plaintiff Felix Bentley's ("Bentley") manufactured home on January 12, 2007.

2.    On June 8, 2007, Bentley commenced a civil action against Green Tree, Green Tree employee Mandi Carter, and certain fictitious defendants, by filing a complaint (the "Complaint") in the Circuit Court of Macon County, Alabama, bearing Civil Action No. 2007-66.  In his Complaint, Bentley alleges that Green Tree wrongfully

repossessed the home due to an oral agreement to forbear Bentley's previous default. Bentley also claims that Green Tree's previously filed replevin action was wrongful because it did not include Bentley as a defendant.    The Complaint includes claims for Conversion, Fraud, Negligence/Wantonness and Abuse of Process.

3.    On or about June 19, 2007, Green Tree was served with a copy of the Complaint.    Service was attempted on Defendant Mandi Carter on July 16, 2007 via sheriff on Defendant Carter's mother-in-law.    Accordingly, June 19, 2007 is the date of service on the first served defendant. A true and correct copy of the Summons and Complaint served on Green Tree and the contents of the state court file are collectively attached hereto as **Exhibit A**.

4.    For the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

## II.    GREEN TREE HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441(b), because it is filed within thirty (30) days of service on all properly served defendants, and within thirty days of service on the first served defendant.

6.    The United States District Court for the Middle District of Alabama (Eastern Division) embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81 &

1441(a).

7.     Green Tree need not obtain the consent of Defendant Mandi Carter because, as set out more fully below, she is fraudulently joined in this action in an attempt to defeat removal. <u>See</u> <u>Jernigan v. Ashland Oil Inc.</u>, 989 F.2d 812, 815 (5th Cir. 1993); <u>Polyplastics, Inc. v. Transconex, Inc.</u>, 713 F.2d 875, 877 (1st Cir. 1983); <u>Alexander v. UDV N. Am., Inc.</u>, 78 F. Supp. 2d 614, 617 n. 4 (E.D. Mich. 1999) (citing <u>Balazik v. County of Dauphin</u>, 44 F.3d 209, 213 n.4 (3d Cir. 1995)). Further, Ms. Carter has yet to be served with the Summons and Complaint. <u>See</u> <u>Mask v. Chrysler Corp.</u>, 825 F.Supp.2d 285, 289 (N.D. Ala. 1993)(holding that a defendant who has not been "properly joined and served" cannot defeat removal jurisdiction). <u>See also</u> <u>Wensil v. E.I. Dupont De Nemours and Co.</u>, 792 F.Supp. 447, 449 (D.S.C. 1992); <u>Windac Corp. v. Clarke</u>, 530 F.Supp. 812, 813 (D. Neb. 1982).   Nevertheless, Carter's Consent to Removal is attached hereto as **Exhibit B**.

8.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Green Tree is attached as **Exhibit A**.  Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon Bentley's counsel and a copy is being filed with the Clerk of the State Court in which the action is currently pending.  A copy of Green Tree's filing in state court is attached hereto as **Exhibit C**.

### III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

####     A.     The Amount in Controversy Requirement Is Satisfied.

9.     It is apparent from the face of the Complaint that Bentley seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.  Since the Complaint seeks an unspecified amount of damages, Green Tree need only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement."  See Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003) (quoting Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996)).

10.     In this case, Bentley alleges that his manufactured home, which he purchased for $40,487 in 1999, was wrongfully repossessed. [Compl., ¶ 16].  Based on this and other allegations, the Complaint seeks unspecified compensatory and punitive damages for the "loss of his property, the loss of his home, . . . great and substantial embarrassment, . . . mental anguish" and alternative living costs. [Compl., ¶ 16].

11.     Alabama juries in wrongful repossession cases routinely render verdicts in excess of $75,000 exclusive of interest and costs.   See, e.g., Liberty Homes, Inc. v. Epperson, 581 So. 2d 449 (Ala. 1991)($195,000 jury verdict in mobile home case); Williford v. Emerton, 2004 WL 596165 (Ala. Mar. 26, 2004)($383,000 jury verdict in case involving conversion of mobile home);  Green Tree Acceptance, Inc. v. Tunstall, 645 So. 2d 1384 (Ala. 1994)($176,000 jury verdict on claim for conversion of mobile home);  Liberty National Life Ins. Co. v. Caddell, 701 So. 2d 1132 (Ala. 1997) (Barbour County jury verdict of $150,000 for wrongful deduction of premium payments from

4

plaintiff's bank account); <u>Life Ins. Co. of Georgia v. Parker</u>, 706 So. 2d 1108 (Ala. 1997)($200,000 verdict in fraud case); <u>Green Tree Acceptance, Inc. v. Standridge</u>, 565 So. 2d 38 (Ala. 1990)($600,000 jury verdict in mobile home repossession case). Certainly, Bentley's claim for loss of property (purchased in 1999 for $40,487), plus his claim for embarrassment and mental anguish damages, plus his claim for punitive damages, clearly result in the amount in controversy being in excess of $75,000.

## B.    <u>There is Complete Diversity of Citizenship.</u>

12.    There is complete diversity as between Bentley and Green Tree, the only properly joined defendant.

13.    Bentley is a citizen of the State of Alabama. [Compl., ¶ 1].

14.    Green Tree is, and was at the time this suit was commenced, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Minnesota and, therefore, is a diverse citizen for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). [See **Exhibit D**]. See, e.g., <u>Mayer-Myers v. Green Tree Servicing LLC</u>, 2007 Bankr. LEXIS 908 (Bankr. D. Ver. 2007)

15.    The Complaint includes a number of fictitious defendants, whose citizenship is ignored for removal purposes. 28 U.S.C. § 1441(a).

16.    Bentley named Mandi Carter as a Defendant. [Compl., ¶ 1]. However, this individual is fraudulently joined and, therefore, her citizenship must be ignored for removal purposes. See, e.g., <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, <u>Cohen v. Office Depot</u>, 204 F.3d 1069

(11th Cir. 2000).

17.     A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant. See Crowe v. Coleman, 113 F.3d 1536, 1542 (11th Cir. 1997); *accord* Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (recognizing that a "reasonable" basis to predict that plaintiff could prevail on the claims against an in-state defendant requires more than a "theoretical" possibility). Such a "reasonable basis" must be based on facts in evidence and cannot be "merely theoretical." Legg v. Wyeth, 428 F.3d 1317, 1325 at n.5 (11th Cir. 2005). When the defendant presents affidavits that are not disputed by the plaintiff, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." Legg, 428 F.3d at 1321. The Court must not, "*in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" Id. at 1323 (quoting Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393-94 (5th Cir. 2000)) (emphasis in original).

18.     Where, as here, the face of the Complaint demonstrates that Bentley has failed to state a claim against Mandi Carter, there is no reasonable basis on which Bentley could prevail against this individual and she is therefore fraudulently joined. See, e.g., Bloodsworth v. Smith & Nephew, 2005 U.S. Dist. LEXIS 38756, at *11 (M.D. 2005); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

19.     The Complaint asserts four causes of action – Conversion, Fraud, Negligence/Wantonness and Abuse of Process. First, the Conversion and Fraud claims are directed to the independent acts of Green Tree in repossessing the home and in

representing certain facts to Bentley's attorney about the status of the account. These claims are not directed to the acts or omissions of Mandi Carter, and even if they were, they do not state a claim upon which relief can be granted because Bentley made no representations to Bentley or his attorney, and she did not exercise any dominion or control over the home.

20.    The two claims asserted against Carter – Negligence/Wantonness and Abuse of Process – do not, on their face, state a claim upon which relief can be granted.

21.    First, in his Negligence/Wantonness claim, Bentley contends that Carter "owed the Plaintiff a duty to properly name the Plaintiff in any legal proceeding initiated by [Green Tree] for recovery of the mobile home and, further, owed a duty to Plaintiff to assure that he was properly served with process prior to repossessing the mobile home in question." [Compl., ¶ 24].    There is no possibility that Bentley can prove such a claim against Carter (or Green Tree) because no such duty exists as a matter of law.

22.    In Alabama, the rights and responsibilities concerning the repossession of collateral to a secured loan are governed by the Uniform Commercial Code. As a threshold matter, "a secured party has on default the right to take possession of the collateral." See Boat Shack II, Inc. v. ITT Commercial Finance Corp., 584 So. 2d 1354, 1358 (Ala. 1991)(*quoting* Ala. Code § 7-9-503). With respect to legal process and the repossession of collateral, Ala. Code § 7-9A-609 provides as follows:

"After default, a secured party:

(1)    may take possession of the collateral . . . .

(b) . . . A secured party may proceed under subsection (a):

(1) pursuant to judicial process; or

(2) **without judicial process**, if it proceeds without breach of the peace."

Similar language is contained in the retail installment contract, which afforded Green Tree a right to repossess the home without resorting to legal process. [See Ex. A to Compl.]. Thus, under Alabama law, Green Tree (or Carter) need not, as a matter of law, have named Felix Bentley in the underlying replevin lawsuit concerning possession of the home because there was no obligation (or duty) to do so. The only duty owed in connection with the repossession of secured collateral is not to breach the peace. See Callaway v. Whittenton, 892 So. 2d 852, 856 (Ala. 2003)(noting that a creditor can resort to self-help repossession); General Finance Co. v. Smith, 505 So. 2d 1045 (Ala. 1987). Moreover, the underlying action was an action in replevin, which is simply a possessory action between the parties to that action. See Friedman v. Friedman, 2007 Ala. LEXIS 74 (Ala. 2007)(describing detinue actions). See also Ala. Code 6-6-250, et seq.; Atlantic Bank of New York v. Metropolitan Food Group LLC, 2003 U.S. Dist. LEXIS 4164, at *5 (S.D.N.Y. 2003)("An action in replevin merely determines who between the plaintiff and defendant has a superior right to the personalty at stake; it does not as a practical matter impair or impede . . . [a third party's] ability to protect its interest.]. It is not a mandatory action, and it certainly is not an action intended to establish the rights of all parties who may potentially claim or have an interest in the collateral. See Bank of Keystone v. Wagensen, 152 F.R.D. 644, 647 (D. Wy. 1994). Indeed, "[o]ne who claims title to or the right to the possession of property replevied, adversely to the plaintiff, is not

a necessary party." 145 A.L.R. 905. See also Bank of Keyston, 152 F.R.D. at 647. In short, Carter cannot, as a matter of law, be negligent or wanton in failing to name Felix Bentley in a replevin lawsuit when Alabama law clearly does not require it.

23.　　Further, as shown by Bentley's Complaint, Carter was not a plaintiff in the underlying replevin action. Thus, if any duty existed to name particular defendants in that action, such a duty was only owed by the plaintiff (i.e., the actual party in that action – Green Tree). Finally, as shown by the Affidavit of Mandi Carter [Ex. B to Mtn.], she did not determine who should be named a defendant in the underlying action. This was done by Green Tree's attorneys. As such, she cannot be liable for negligence/wantonness in connection with a legal action in which she was not a party.

24.　　The claim for Abuse of Process also fails as a matter of law. In Count IV of his Complaint, Bentley contends that Green Tree and Carter committed an Abuse of Process by causing "a writ of execution to be issued against an individual other than the Plaintiff, yet describing property owned by the Plaintiff, for the purpose of securing possession of the Plaintiff's property." [Compl., ¶ 27]. In order to prove the tort of abuse of process, "a plaintiff must prove: (1) the existence of an ulterior purpose; (2) a wrongful use of process; and (3) malice." Preskitt v. Lyons, 865 So. 2d 424, 430 (Ala. 2003).　As noted by the Alabama Supreme Court in discussing the tort,:

> ". . . If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse. . . . However, if the suit is brought, not to recover on the cause of action stated in the complaint, but for a collateral purpose, there is an abuse of process."

Duncan v. Kent, 370 So. 2d 288, 290 (Ala. 1979)(*quoting* 1 Am.Jur.2d Abuse of Process

§ 13)).    In Preskitt, the Alabama Supreme Court listed several examples of legal

processes for which an action will lie if the process is abused:

> "Entering up judgment and suing out execution after the demand is
> satisfied; suing out attachment for an amount greatly in excess of the debt;
> causing an arrest for more than is due; levying an execution for an
> excessive amount; causing an arrest when the party cannot procure bail, and
> keeping him imprisoned until, by stress thereof, he is compelled to
> surrender property to which the other is not entitled...."

Preskitt, 865 So. 2d at 430-31 (quoting Dickerson v. Schwabacher, 58 So. 986, 988 (Ala.

1912)).

25.    Here, the basis of Bentley's claim for Abuse of Process is Green Tree's

procurement of a Writ of Seizure in which Green Tree sought possession of the

manufactured home against the possessory right, if any, of Peggy Bentley.    Indeed,

Bentley specifically alleges that the Writ was obtained "for the purpose of securing

possession of the Plaintiff's property." [Compl., ¶ 27]. This allegation emphasizes that

the Writ was obtained and used to accomplish the very purpose for which it is designed –

possession of the home against any right of Peggy Bentley.  Here, there is no allegation

that the replevin order was used to accomplish something other than possession of the

collateral, a purpose for which it may lawfully be issued.  Absent this, a claim for Abuse

of Process fails as a matter of law.  See, e.g., Ross v. Ford Motor Credit Co., 867 S.W.2d

546, 554 (Mo. Ct. App. 1993).

26.    Further, as shown by the Affidavit of Mandi Carter, she obtained no

process, did not make a determination as to who should or should not be a party in the

replevin action, and was not present when the mobile home was repossessed. While she did sign an affidavit in the underlying proceeding, she did not "use process." Process was used, if at all, by Green Tree and its Green Tree's attorneys.

WHEREFORE, Defendant Green Tree respectfully removes this action from the Circuit Court of Macon County, Alabama, bearing civil action number CV-07-66, to this Court, pursuant to 28 U.S.C. § 1441.

R. Austin Huffaker, Jr.
Bar Number: (ASB-3422-F55R)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: 334/206-3100
Fax: 334/263-4157
E-mail:    rah2@rsjg.com
**Attorney for Defendant Green Tree
Servicing LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 17th day of July, 2007, as follows:

James R. Bowles
P.O. Box 780397
Tallassee, AL 36078
JamesRBowles@aol.com

OF COUNSEL

**IN THE CIRCUIT COURT**
**MACON COUNTY, ALABAMA**

FELIX J. BENTLEY,

      Plaintiff

vs.

      CIVIL ACTION NO. CV-2007-*tolo*

GREEN TREE SERVICING LLC,
et al.,

      Defendant

*[handwritten service notations across top right: "Executed by serving ... copy (ies) of the within on ... The Corporation Company as Statutory Agent for: ... Green Tree Servicing ... by leaving with: ... Summon Robertson ... This the 19 day of ... G. Marshall, Sheriff Montgomery County, Alabama By: ..."]*

*[stamp: FILED IN CIRCUIT CLERK'S OFFICE MACON COUNTY, AL 2007 JUN -8 P 3: ... DAVID LOVE CIRCUIT CLERK]*

**SUMMONS-CIVIL**

NOTICE TO: **GREEN TREE SERVICING LLC, c/o The Corporation Company**
        **2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFF'S ATTORNEY: **JAMES R. BOWLES, LAW OFFICES OF JAMES R. BOWLES, 2 SOUTH DUBOIS AVENUE, POST OFFICE BOX 780397, TALLASSEE, ALABAMA 36078.** THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THE COURT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this Summons and a copy of the Complaint in this action upon Defendant(s).

*6-8-07*
_____
DATE

*[signature] David Love Jr.*
_____
CLERK/REGISTER

**RETURN ON SERVICE**

I certify that I personally delivered a copy of the Summons and Complaint to Green Tree Servicing LLC in
_____, _____ County, Alabama, on _____.

_____
DATE

_____
SERVER SIGNATURE

_____
ADDRESS OF SERVER

_____
TYPE OF PROCESS SERVER

**EXHIBIT**
*A*

**IN THE CIRCUIT COURT**
**MACON COUNTY, ALABAMA**

FELIX J. BENTLEY,

    Plaintiff

vs.

                                   CIVIL ACTION NO.CV 2007- *106*

GREEN TREE SERVICING LLC,
et al.,

    Defendant

*FILED IN CIRCUIT CLERKS OFFICE MACON COUNTY, AL 2007 JUN -8 P 3 DAVID LOVE CIRCUIT CLERK*

**SUMMONS-CIVIL**

NOTICE TO: **MANDI CARTER, 402  5 Avenue SE, Childersburg, Alabama 35044**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFF'S ATTORNEY: **JAMES R. BOWLES, LAW OFFICES OF JAMES R. BOWLES, 2 SOUTH DUBOIS AVENUE, POST OFFICE BOX 780397, TALLASSEE, ALABAMA 36078.**  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THE COURT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure:  You are hereby commanded to serve this Summons and a copy of the Complaint  in this action upon Defendant(s).

_____*6/8/07*_____        _____*David Love Jr.*_____
DATE                                           CLERK/REGISTER

**RETURN ON SERVICE**

I certify that I personally delivered a copy of the Summons and Complaint to Mandi Carter in
_____, _____ County, Alabama, on _____.

_____              _____
DATE                                  SERVER SIGNATURE

_____              _____
ADDRESS OF SERVER                   TYPE OF PROCESS SERVER

# IN THE CIRCUIT COURT
## MACON COUNTY, ALABAMA

FELIX J. BENTLEY,

    Plaintiff

vs.

GREEN TREE SERVICING LLC,
et al.,

    Defendant

CIVIL ACTION NO.CV 2007-_666_

## SUMMONS-CIVIL

NOTICE TO:  **GREEN TREE SERVICING LLC, c/o The Corporation Company**
         **2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36909**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, TO THE PLAINTIFF'S
ATTORNEY: **JAMES R. BOWLES, LAW OFFICES OF JAMES R. BOWLES, 2 SOUTH DUBOIS
AVENUE, POST OFFICE BOX 780397, TALLASSEE, ALABAMA 36078.** THIS ANSWER MUST
BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT
WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST
YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST
ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THE COURT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2)
of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this Summons and a copy of
the Complaint in this action upon Defendant(s).

_6-8-07_
DATE

_David Love Jr._
CLERK/REGISTER

## RETURN ON SERVICE

I certify that I personally delivered a copy of the Summons and Complaint to Green Tree Servicing LLC in
_____, _____ County, Alabama, on _____.


_____
DATE

_____
SERVER SIGNATURE

_____
ADDRESS OF SERVER

_____
TYPE OF PROCESS SERVER

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
AT TUSKEGEE, ALABAMA

FELIX J. BENTLEY,                          )
                                           )
    Plaintiff,                         )
                                           )
v.                                         )
                                           )
GREEN TREE SERVICING LLC,                  )
a limited liability company; Mandi         )
Carter; and A, B, C, D and E, being        )
those persons, firms, corporations, or     )
other entities who directed or             )
participated in any way in the removal,    )
repossession, conversion, and/or taking    )
from the possession of the Plaintiff, a    )
1999 Pioneer mobile home on or about       )
January 12, 2007, whose names are          )
unknown at this time but will be added     )
by amendment when ascertained,             )
                                           )
    Defendants.                        )    CIVIL ACTION  NO. CV 2007- *66*

FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL
2007 JUN -8  P 3: 39
DAVID LOVE
CIRCUIT CLERK

## COMPLAINT

Comes now the Plaintiff and shows unto the Court as follows:

1.    Plaintiff is a resident citizen of Macon County, Alabama.  Defendant

Green Tree Servicing LLC is a limited liability company and successor of and/or servicer

for Bombardier Capital, Inc.  Defendant Mandi Carter is a resident of the State of

Alabama presently residing in Jefferson County, Alabama.

2.    In 1999, Plaintiff purchased from Value Homes of Tuskegee, Alabama, a

new white 1999 model Pioneer mobile home.  Plaintiff financed the purchase of said

mobile home by executing a note and security agreement to Value Homes.  Said note was

secured by a lien on the mobile home which was reflected on the certificate of title to the mobile home.

3.    The note and security agreement was assigned and transferred to Bombardier Capital, Inc.  The certificate of title to the mobile home, as it was issued to Plaintiff, reflected that Bombardier Capital, Inc., was a first lienholder.

4.    Plaintiff moved his family into the mobile home and began making payments.  Plaintiff used the mobile home as his personal residence.

5.    At some point in time after the purchase of the mobile home, Bombardier Capital, Inc., assigned, conveyed, and/or transferred the note and security agreement on the mobile home to the Defendant Green Tree Servicing LLC.  After that time, Plaintiff began making payments on the mobile home to the Defendant Green Tree Servicing LLC.

6.    After Plaintiff's employer began cutting back his work hours, Plaintiff got behind in his payments to the Defendant Green Tree Servicing LLC.  On August 8, 2006, Defendant Green Tree Servicing LLC filed suit in the Circuit Court of Macon County, Alabama, against Peggy Bentley seeking a judgment against Peggy Bentley for possession of the mobile home owned by the Plaintiff Felix J. Bentley.  Court records indicate that the Summons and Complaint were served upon Peggy Bentley on September 2, 2006.  No one in the Plaintiff's household goes by the name Peggy Bentley, and Plaintiff does not know anyone named Peggy Bentley.

7.    Unbeknownst to the Plaintiff, Defendant Green Tree Servicing LLC applied for a default judgment against Peggy Bentley on October 5, 2006.

8.      On November 9, 2006, Defendant Mandi Carter, the Collections Manager of Defendant Green Tree Servicing LLC, executed an affidavit in which she described the mobile home of Plaintiff Felix J. Bentley.  Said affidavit was executed in connection with the case of *Green Tree Servicing LLC v. Peggy Bentley*.  In said affidavit, Carter stated that the Defendant (Peggy Bentley) was in default in the terms of a contract with Green Tree Servicing LLC as successor servicer to Bombardier Capital, Inc., that the mobile home of Felix J. Bentley was being wrongfully detained from Green Tree Servicing LLC, that there was a substantial risk of concealment, transfer or other disposition of the mobile home, and that the Defendant (Peggy Bentley) should not be allowed to continue in possession of it.  The affidavit of Carter was filed with the Macon County Circuit Clerk's office in connection with the case of *Green Tree Servicing LLC v. Peggy Bentley* on November 17, 2006.  Attached hereto as Exhibit "A" is a copy of the affidavit of Mandi Carter.

9.      Based upon the default taken against Peggy Bentley and the affidavit of Mandi Carter, the Circuit Court of Macon County issued a default judgment granting Green Tree Servicing LLC possession of the mobile home of the Plaintiff Felix J. Bentley.  Attached hereto as Exhibit "B" is a copy of said default judgment.

10.     In December of 2006, Plaintiff Felix J. Bentley received a letter from Defendant Green Tree Servicing LLC threatening repossession of his mobile home if his payments were not brought current.  Plaintiff took this letter to Victor Price, an attorney in Tallassee, Alabama, and employed Mr. Price to assist him in negotiating a workout of the loan with Defendant, so as to avoid having his mobile home repossessed.

11.    In December of 2006, Price contacted a representative or agent of Green Tree Servicing LLC for the purpose of working out an arrangement whereby Plaintiff could catch up his delinquent payments with Green Tree Servicing LLC and avoid repossession of his mobile home. Price reached an agreement with an attorney with the firm of Sullivan & Grey who purported to represent Green Tree Servicing LLC, whereby Green Tree Servicing LLC agreed that it would not repossess the Plaintiff's mobile home if the Plaintiff made a payment of $1,203.11 on or before December 15, 2006. This agreement was reached in a conversation between Price and the attorney with Sullivan & Grey which occurred over the telephone.

12.    On December 12, 2006, Plaintiff brought Price the sum of $1,203.11. Price forwarded this money immediately to Defendant's attorney. After this payment, the next regular monthly payment due from Plaintiff to Defendant Green Tree Servicing LLC on the mobile home would have been due on January 15, 2007.

13.    On January 12, 2007, Plaintiff received a call from his wife who was at home at the time. Plaintiff's wife informed him that Defendant Green Tree Servicing LLC and its agents or subcontractors, A, B, C, D & E, were at the mobile home and were preparing to repossess it. Plaintiff immediately went to the mobile home to investigate. Plaintiff was informed that the mobile home was being repossessed and was served with a writ of execution issued by the Circuit Court of Macon County, Alabama, directing the Sheriff of Macon County to seize property of Peggy Bentley and restore it to Green Tree Servicing LLC. The writ of execution contained a description of the mobile home of the Plaintiff.

14.    Defendant Green Tree Servicing LLC and Defendants A, B, C, D and E proceeded to attach the Plaintiff's mobile home to a tractor rig and remove it from the property where Plaintiff had it set up. Said removal was done over the objection and protest of the Plaintiff.

15.    The Plaintiff has not been served with any process whatsoever other than the aforesaid writ of execution which was directed to Peggy Bentley. The Plaintiff's name is not Peggy Bentley and the Plaintiff does not know of anyone named Peggy Bentley. The Plaintiff was not aware that the Defendant Green Tree Servicing LLC, or any other entity, had initiated legal proceedings to secure possession of the mobile home. Prior to the actual repossession, no legal paperwork was ever served on the Plaintiff indicating that Green Tree Servicing LLC intended to repossess the mobile home.

16.    As a result of the illegal, unwarranted and fraudulent seizure of the mobile home by Defendants Green Tree Servicing LLC , Mandi Carter and fictitious Defendants A, B, C, D and E, the Plaintiff suffered the loss of his property, the loss of his home, suffered great and substantial embarrassment, suffered great mental anguish, and was forced, without notice, to secure other housing for himself and his family.

## Count I. - Conversion

17.    Plaintiff reavers and incorporates herein the allegations of paragraphs 1 through 16 above.

18.    The Defendants wrongfully converted the property of the Plaintiff by seizing the Plaintiff's mobile home where the Plaintiff and his family were residing without cause and without proper process. As a result of said conversion, Plaintiff suffered the damages set forth hereinabove.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages such as a jury may award.

### Count II. - Fraud

19.     Plaintiff reavers and incorporates herein the allegations of paragraphs 1 through 18 above.

20.     Defendant Green Tree Servicing LLC represented to Plaintiff that if Plaintiff would pay to Defendant Green Tree Servicing LLC the sum of $1,203.11 on or before December 15, 2006, that the Defendant Green Tree Servicing LLC would forebear from repossessing the Plaintiff's mobile home. The Plaintiff, at great effort, managed to raise the requested sum and forwarded it to Defendant Green Tree Servicing LLC before the appointed time. In raising the $1,203.11 and forwarding it to Defendant Green Tree Servicing LLC, Plaintiff relied upon the representations of Defendant Green Tree Servicing LLC agreeing to forebear repossession of the mobile home.

21.     The representations of the Defendant Green Tree Servicing LLC that it would forebear repossession of the mobile home were false and were made with the intent and purpose of deceiving the Plaintiff into paying Defendant Green Tree Servicing LLC $1,203.11. Defendant Green Tree Servicing LLC received the said payment and, in complete disregard of the agreement, repossessed the mobile home in addition to retaining the Plaintiff's payment.

22.     The representations of the Defendant Green Tree Servicing LLC to the effect that it would forebear repossession of the mobile home were fraudulent, were made with the intent to deceive the Plaintiff, did in fact deceive the Plaintiff, and the Plaintiff was damaged by those misrepresentations.

WHEREFORE, Plaintiff demands compensatory and punitive damages against the Defendants in such amounts as a jury may award.

## Count III. – Negligence and/or Wantonness

23.     Plaintiff reavers and incorporates herein the allegations of paragraphs 1 through 22 above.

24.     Defendants Green Tree Servicing LLC and Mandi Carter, having undertaken to initiate legal proceedings to repossess the mobile home of the Plaintiff, owed the Plaintiff a duty to properly name the Plaintiff in any legal proceeding initiated by them for recovery of the mobile home and, further, owed a duty to Plaintiff to assure that he was properly served with process prior to repossessing the mobile home in question.

25.     Defendants Green Tree Servicing LLC and Mandi Carter breached that duty by filing, or causing to be filed, papers with the Circuit Clerk of Macon County naming Peggy Bentley as the owner of the mobile home in question, and by failing to serve process or other notice of the proceeding to recover the mobile home upon the true owner of the mobile home, the Plaintiff Felix J. Bentley.

26.     As a result of these acts of negligence and/or wantonness on the part of Defendants Green Tree Servicing LLC and Mandi Carter, the Plaintiff Felix J. Bentley sustained the injuries and damages enumerated hereinabove.

WHEREFORE, Plaintiff demands compensatory and punitive damages against the Defendants such as a jury may award.

### Count IV. – Abuse of Process

27.     Plaintiff reavers and incorporates herein the allegations of paragraphs 1 through 26 above.

27.     Defendants Green Tree Servicing LLC and Mandi Carter, for a malicious and ulterior purpose, caused a writ of execution to be issued against an individual other than the Plaintiff, yet describing property owned by the Plaintiff, for the purpose of securing possession of the Plaintiff's property.  The process employed in this case by the Defendants to obtain the writ of execution describing the Plaintiff's mobile home was improper, was accomplished with malice, was accomplished without probable cause, and the Plaintiff was damaged thereby.

WHEREFORE, Plaintiff demands compensatory and punitive damages against the Defendants such as a jury may award.

JAMES R. BOWLES (BOW011)
Attorney for Plaintiff

PLAINTIFF DEMANDS A STRUCK JURY FOR THE TRIAL OF THIS CAUSE.

JAMES R. BOWLES (BOW011)
Attorney for Plaintiff

OF COUNSEL:
Law Offices of James R. Bowles
P.O. Box 780397
2 So. Dubois Avenue
Tallassee, Alabama 36078
(334) 283-6548
Fax: (334) 283-5366
(Email) JamesRBowles@aol.com

Complaint - 8

IN THE CIRCUIT COURT OF MACON COUNTY
STATE OF ALABAMA

GREEN TREE SERVICING LLC,           §
successor servicer to                §
BOMBARDIER CAPITAL, INC.,            §
                                     §
        PLAINTIFF,                   §
VS.                                  §        CIVIL ACTION NO: CV-2006-162
                                     §
PEGGY BENTLEY,                       §
                                     §
        DEFENDANT.                   §

<u>AFFIDAVIT OF MANDI CARTER</u>

STATE OF ALABAMA           §

MACON COUNTY               §

Before me, the undersigned notary, personally appeared Mandi Carter, who being duly sworn, deposes and says as follows:

My name is Mandi Carter and I am employed as a Collections Manager by Green Tree – AL LLC ("Green Tree"), the Plaintiff in the above-styled cause. I make this Affidavit for the purposes of this action.

The property made the subject matter of this action (the "Mobile Home") is described as:
**One (1) 1999 24x52 Pioneer manufactured home VIN No: 15906A/B, which is located at 280 County Road 31, Notasulga, Alabama 36866**

GREEN TREE is the holder of a Mobile Home Retail Installment Contract (hereinafter referred as "Contract") dated February 10, 1999 between Felix J. Bentley as buyer, Value Homes as seller, and BOMBARDIER CAPITAL, INC. as assignee (Contract attached hereto as Exhibit "A" and incorporated herein), which retains a security interest in the above described mobile



1

home and all fixtures, furniture and appliances purchased with the mobile home. A copy of the Certificate of Title is attached hereto as Exhibit "B" and incorporated herein.

Defendant remains in default under the terms of the Contract, and is currently past due for the payments listed on Exhibit "C" and incorporated herein. The property described herein is wrongfully detained by the Defendant in that Defendant refuses to release the property to Plaintiff. The cause of such detention, according to the best knowledge, information and belief of the Plaintiff, is the Defendant's reluctance to part with the described property despite his failure to make payments thereon.

There is a substantial risk of concealment, transfer, or other disposition of or change to the above described property if the Defendant is allowed to continue in possession. Additionally, the property continues to depreciate and/or deteriorate while in the wrongful possession of Defendant.

_Mandi Carter_

**Mandi Carter**
**Collections Manager**

SWORN TO and subscribed before me on this the _____ day of November, 2006.

_Ann Martin_

NOTARY PUBLIC
My Commission Expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Aug 11, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2

Rx Date/Time    AUG-03-2006    (U) 11:37    P.002
AUG-03-2006 THU 12:44 PM GREEN TREE SERVICING    FAX NO. 18776481800    P. 02

P.23    X66.    88:11 6661-71-NAL

| MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT ALABAMA | Seller VALUE HOMES 144 ALABAMA HIGHWAY 186 TUSKEGEE, AL 36083 | Buyer FELIX J BENTLEY 28 COUNTY RD 31 NOTSULGA, AL 36866 |
|---|---|---|
| No. 319558 Date | "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, separately and together. |

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 6,077.63 |
|---|---|---|---|---|
| 10.000 % | $ 45,324.13 | $ 34,439.87 | $ 79,764.00 | $ 85,841.63 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 240 | 332.35 | Monthly Beginning On 3-15-99 care XXX. |

**Security:** You are giving a security interest in the goods or property being purchased.
☐ You are giving a security interest in the real property at ___ N/A

**Prepayment:** If you pay off this Contract early, you will not have to pay a penalty.
☒ If you pay off this Contract early, you may be entitled to a refund of part of the Interest Surcharge and Processing Fee.
**ASSUMPTION:** Someone buying your Manufactured Home ☒ may subject to conditions be allowed to ☐ cannot ☐ assume this Contract on its original terms.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.    "e" means an estimate

**CREDIT INSURANCE:** Credit life, credit disability (accident and health or accident and sickness), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured ___ N/A
☐ Single ☐ Joint Prem. $ 0.00  Term ___ N/A
Credit Disability: Insured ___ N/A
☐ Single  Prem. $ 0.00  Term ___ N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer ___ N/A ___ d/o/b  Buyer ___ N/A ___ d/o/b
Buyer ___ N/A ___ d/o/b  Buyer ___ N/A ___ d/o/b

**PROPERTY INSURANCE:** You are required to insure the Property securing this Contract with the following minimal property insurance coverage: The lesser of the unpaid principal balance of your loan with us, or the selling price of the Manufactured Home.

You may purchase or provide the insurance through any insurance company that is reasonably acceptable to us. If you get the insurance from or through us you will pay $ 0.00 for ___ N/A of coverage.

Liability insurance coverage for bodily injury and/or property damage caused to others is NOT included in this Contract unless checked and indicated below.
☐ The following liability insurance is included in this coverage: N/A

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Manufactured Home Price (including sales tax of $ 987.50 ) | $ 40,487.50 |
| Buyer Protection/Service Plan, Paid to: ___ N/A | $ 0.00 |
| 1. Cash Price | $ 40,487.50 |
| Manufacturer's Rebate | $ 0.00 |
| Cash Down Payment $ 6,077.63 | |
| 2. Subtotal $ 6,077.63 | |
| Trade-In Allowance $ 0.00 | |
| Less: Amount Owing $ 0.00 | |
| To: | |
| 3. Net Trade-In $ 0.00 | |
| 4. Total Down Payment (line 2 plus line 3) | $ 6,077.63 |
| 5. Unpaid Balance of Cash Price (line 1 minus line 4) | $ 34,409.87 |
| Fees Paid to Others: | |
| Paid to Public Officials - Filing Fees Only | $ 0.00 |
| Paid to Public Officials - Other than Filing Fees | $ 0.00 |
| Insurance Premiums* | $ 0.00 |
| (To: N/A ) | |
| (To: N/A ) | |
| (To: N/A ) | |
| Additional Finance Charge(s) Paid To Seller: | |
| Interest Surcharge Paid to Seller | $ 0.00 |
| Processing Fee Paid to Seller | $ 0.00 |
| To: Tag & Title | $ 30.00 |
| To: POINTS | $ 0.00 |
| To: DOC STAMPS | $ 0.00 |
| 6. Subtotal (line 5 plus all Fees Paid to Others) | $ 34,439.87 |
| 7. Prepaid Finance Charges | $ 0.00 |
| Amount Financed (line 6 minus line 7) | $ 34,439.87 |

*We may retain or receive a portion of this amount.

ALR551

ALABAMA MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT
© 1993, 1996 Bankers Systems, Inc., St. Cloud, MN  Form REDMHLAZ-AL 8/11/97



page 1 of 4

996-J  02/20 P.d  619-1    Jan-15-99  12:31:64  From-



EXHIBIT

Rx Date/Time     AUG-03-2006  (WU) 11:37                                                          P. 003
AUG-03-2006 THU 12:45 PM GREEN TREE SERVICING        FAX NO. 18776481800                          P. 03

JAN-14-1999  11:09

**SALE:** You agree to purchase from us the manufactured home described below, together with the related services, furnishings, appliances and accessories listed below (together referred to as "Manufactured Home). Your purchase of the Manufactured Home is subject to the terms of this Contract. "Contract" means this document and any separate document that secures this Contract.

| Manufacturer PIONEER | Model Name & Number 402 | | Year 1999 |
|---|---|---|---|
| Serial Number 15906 A/B | Length 52 | Width 24 | Color |

☒ New
☐ Used

Services, furnishings, appliances, and accessories include:
☐ Tires and Wheels ☐ Axles ☒ Refrigerator _____
☒ Oven/Range _____
☐ Washer _____ ☐ Dryer _____
☐ A/C Unit(s) _____
☒ Skirting ☐ Awning(s) _____
☐ Accessory Shed _____
☐ Services _____
☒ Other STEPS. ELEC HOOK

Location of Manufactured Home after delivery to Buyer:
28 COUNTY RD 31
NOTSULGA, AL. 36866

Description of Trade-In:
N/A

☐ **BUYER PROTECTION/SERVICE PLAN:** With your purchase of the Manufactured Home, you have elected to purchase the following optional buyer protection or service plan ("Plan"):_____
The Plan covers _____ N/A _____
_____ N/A _____ and will be in
effect _____ N/A _____ . See the Plan documents for details.

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Manufactured Home (as defined above) and, unless prohibited by law, all present and future accessions to the Manufactured Home (except that accessions will not include "household goods" as defined in the FTC Credit Practices Rule, 16 C.F.R. 444, if we do not finance the purchase of such household goods).

☐ This Contract is also secured by a separate mortgage or deed of trust dated _____ N/A _____ , on real estate, as shown in the TRUTH IN LENDING DISCLOSURES.
The term "Property" means all property securing this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ _____ 34,439.87 _____ , plus interest on the unpaid balance at the rate/s of _____ 10.000% _____

per year until the final scheduled payment date. Interest will begin to accrue on _____ Feb, P.00 _____
and will accrue on a _____ 30/360 _____ day basis. After the final

☐ **ADDITIONAL FINANCE CHARGE:** You agree to pay:
☐ an interest surcharge fee of $ _____ N/A _____ ☐ a processing
fee of $ _____ N/A _____ . These fees will be ☐ paid in cash,
☐ financed (see ITEMIZATION OF AMOUNT FINANCED),
☐ paid proportionally with each payment.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

☐ **ESCROW:** You ☐ may, but are not required to ☐ must pay certain expenses and fees from an escrow account. If an escrow account is established, it will be governed by a separate agreement.

**GENERAL TERMS:** You agree to purchase the Manufactured Home over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

The law of Alabama will govern this transaction. It is also governed by applicable federal law and regulations, including the preemption of state usury laws. The federal Alternative Mortgage Transactions Parity Act may also apply.

We do not intend to charge or collect any interest or fee that is more than the applicable law allows. If we charge or collect any amount over what the law allows, we will apply the excess first to the principal balance, and we will refund any excess if you have paid this Contract in full.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any provision of this Contract is not enforceable, this Contract will remain enforceable without such provision. If we agree with you to any exceptions to the promises or assurances in this printed Contract, such agreement must be in writing and signed by us.

**BALLOON PAYMENT:** If any payment is more than one and one half times as large as the average of earlier scheduled payments, you may refinance that payment when due. You may do so on terms as favorable as the terms originally agreed to in this Contract. If you meet our normal credit standards. This right does not apply if your payment schedule is adjusted for seasonal or irregular income, or we do not offer similar credit at that time.

**PREPAYMENT: YOU MAY PREPAY THIS CONTRACT IN FULL OR IN PART AT ANY TIME WITHOUT PENALTY.** Any partial prepayment will not excuse any later scheduled payments until you pay in full. If an interest surcharge has been collected and this Contract is prepaid in full by any means within 90 days of the date of this Contract, we will refund or credit you with a pro rata portion of the interest surcharge, except we may retain a minimum of $25.00. If this Contract is prepaid in full after 90 days, the interest surcharge is fully earned and will not be refunded.

If a processing fee has been collected and this Contract is prepaid in full, or upon maturity by acceleration, we will credit to the amount you owe us, the unearned portion of the processing fee. If the original term of this Contract is 61 months or less, we will determine your credit using the Rule of 78's or the sum of the digits method. If the original term of this Contract is more than 61 months, we will determine your credit using the actuarial method.

Rx. Date/Time    AUG-03-2007 (TU) 11:37    P. 004
AUG-03-2006 THU 12:45 PM GREEN TREE SERVICING    FAX NO. 18776481800    P. 04

## ALABAMA DEPARTMENT OF REVENUE

| TYPE TRANSACTION | | |
|---|---|---|
| 01 - FIRST TITLE | | |
| 03 - TITLE TRANSFER | | |
| 04 - FILING OF LIEN | | |
| 05 - RELEASE OF LIEN | | |
| 06 - CORRECTION | | |

THIS DUPLICATE COPY SERVES AS A PERMIT FOR THE OPERATION OF THE MOTOR VEHICLE DESCRIBED BELOW UNTIL THE REVENUE DEPARTMENT ISSUES A CERTIFICATE OF TITLE OR REFUSES TO ISSUE A CERTIFICATE AND SHALL CONTINUE TO SERVE AS EVIDENCE OF OWNERSHIP AND AS A PERMIT FOR THE OPERATION OF THE VEHICLE AFTER TITLE IS ISSUED.

TITLE NUMBER

### VEHICLE INFORMATION

| VEHICLE IDENTIFICATION NUMBER | TRANS CODE | YEAR MODEL | MAKE | MODEL | BODY TYPE | PREVIOUS ALABAMA TITLE NUMBER |
|---|---|---|---|---|---|---|
| FH1402GA15906A | .01 | 1999 | PIONEER | 402 | HT | |

| CYLS | NEW | USED | DEMO | DATE OF PURCHASE (M/D/Y) | NUMBER LIENS | COLOR | ODOMETER READING | FOR OFFICE USE ONLY |
|---|---|---|---|---|---|---|---|---|
| 0 | X | | | 02-10-99 | 01 | WHITE | EXEMPT | |

### OWNER INFORMATION

NAME (LAST, FIRST, MIDDLE)    FELONY OFFENSE FOR FALSE ADDRESS

BENTLEY, FELIX J.

MO

SEE EXPLANATION ON BACK OF LIENHOLDER'S COPY OF FORM

MAILING ADDRESS    COUNTY (ALABAMA ONLY)
28 CO RD 31    MACON

CITY    STATE    ZIP
NOTSULGA, AL 36866

APPLICANT SHALL DISCLOSE VEHICLE UNDER 10 YR. OLD ODOMETER READING ON THIS APPLICATION IS (CHECK ONE)

NAME    ALABAMA OPERATOR (LESSEE) NAME AND/OR RESIDENT ADDRESS (IF DIFFERENT FROM ABOVE)

RESIDENT ADDRESS    FELONY OFFENSE FOR FALSE ADDRESS

☐ ACTUAL MILEAGE

CITY    STATE    ZIP

☐ EXCEEDS MECHANICAL LIMITS

☐ NOT ACTUAL MILEAGE - WARNING ODOMETER DISCREPANCY

### LIEN INFORMATION

NAME FIRST LIENHOLDER    FELONY OFFENSE FOR FAILURE TO NAME LIENHOLDER WITH INTENT TO DEFRAUD
BOMBARDIER CAPITAL, INC.

MAILING ADDRESS    LIEN DATE (M/D/Y)
P.O. BOX 600763    02-10-99

CITY    STATE    ZIP
JAX, FL 32260-0763

NAME SECOND LIENHOLDER    FELONY OFFENSE FOR FAILURE TO NAME LIENHOLDER WITH INTENT TO DEFRAUD

MAILING ADDRESS    LIEN DATE (M/D/Y)

CITY    STATE    ZIP

### OTHER INFORMATION    OWNER'S AUTHORIZATION FOR SPECIAL MAILING

NAME (LAST, FIRST, MIDDLE)    I, WE, HEREBY AUTHORIZE MY CERTIFICATE OF TITLE TO BE MAILED TO (IF NO LIENS LISTED HEREON)

MAILING ADDRESS    LOCATOR NO.

CITY    STATE    ZIP    PROJECT NO.

NAME    SELLER INFORMATION    REASON:
VALUE HOMES

MAILING ADDRESS    EXAMINER NO.:
144 AL HWY 186

CITY    STATE    ZIP    EXCL:
TUSKEGEE, AL 36083

NAME OF SURRENDERING
STATE:

APPLICATION NUMBER

TITLE #:

C3085545

### SIGN COMPLETED FORM ONLY. FELONY OFFENSE FOR FALSE STATEMENTS.

I, THE UNDERSIGNED, CERTIFY THAT THE VEHICLE DESCRIBED ABOVE IS OWNED BY ME AND I HEREBY MAKE APPLICATION FOR A CERTIFICATE OF TITLE FOR SAID MOTOR VEHICLE AND THIS VEHICLE WILL NOT BE THE SUBJECT OF LIEN PRIOR TO RECEIPT OF TITLE UNLESS INDICATED ABOVE. I FURTHER CERTIFY THAT ALL INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT, TO THE BEST OF MY KNOWLEDGE AND BELIEF.

I HEREBY CERTIFY THAT THE ABOVE DESCRIBED VEHICLE HAS BEEN PHYSICALLY INSPECTED BY ME AND THAT THE V.I.N. AND DESCRIPTIVE DATA SHOWN ON THIS APPLICATION ARE CORRECT AND FURTHER, I IDENTIFIED THE PERSON SIGNING THE APPLICATION AND WITNESSED HIS SIGNATURE.

FELIX J. BENTLEY BY: POA
ROSIE HARFORD

DESIGNATED AGENT:
BOMBARDIER CAPITAL, INC.

OWNER(S)

SIGNATURE(S)
(PERSONALLY SIGNED BY EACH OWNER (IN BOX) OR AUTHORIZED REPRESENTATIVE OF FIRM)

BY:

DESIGNATED
AGENT NO.:    04-00127-CO    DATE    02-10    99
YR

### HANDWRITTEN APPLICATIONS WILL NOT BE ACCEPTED    OWNER'S PERMIT COPY

STATE OF ALABAMA DEPARTMENT OF REVENUE APPLICATION FOR CERTIFICATE OF TITLE
MOTOR VEHICLE DIVISION - TITLE SECTION, P.O. BOX 327640 MONTGOMERY, ALABAMA 36132-7640

Rx Date/Time    AUG-03-2006 (THU) 11:37                                    P. 005
AUG-03-2006 THU 12:46 PM GREEN TREE SERVICING       FAX NO. 1877...31800    P. 05

Seller:    Value Homes Ltd.
           144 Alabama Highway 186
           Tuskegee, Alabama 36083

**Purchase Agreement**

Date: 2-1-00

Sales Rep: _____

Purchaser(s): Felix J. Bentley / Teresa Bentley    Phone Hm: 257-1471
Present Address: 280 Co Rd 31 Notasulga AL    Phone Wk: _____
Delivery Address _____

Purchaser(s) agree to purchase from seller under the terms and conditions specified in this agreement, the following manufactured home together with the equipment, furnishings, accessories, and other items and services listed hereon:

Make Pioneer    Model # 402    Serial # 15906 A/B    Yr. A

Nominal Size: Width 24 Ft.; Length with Hitch 52 Ft.; Length without Hitch _____ Ft.

☐ New Ordered Home    ☐ New Display Model Home    ☐ Used Home · NO WARRANTY

| Optional Equipment, Furniture, Accessories, Services, Etc. | Cost | | |
|---|---|---|---|
| ~~Home to be delivered, blocked, tied~~ | | Price of Home | $ 39,500 |
| ~~down, anchored, and set up to~~ | | Options | $ _____ |
| ~~Alabama State code.~~ | INCL | Documentation Fee | $ ~~78.50~~ |
| ~~Water and sewage to be hooked up~~ | | Sub-Total | $ _____ |
| ~~within 30 ft. of the drops of the~~ | | Sales Tax | $ 985.50 |
| ~~home. Only if stubbs are out of~~ | | Land Improvements (Estimates. May be adjusted): | |
| ~~the ground and clearly marked at~~ | | _____ | $ _____ |
| ~~the time of delivery.~~ | INCL | _____ | $ _____ |
| ~~A/C installed after power is turned~~ | | _____ | $ _____ |
| ~~on.~~ | INCL | Closing Costs (Estimates. May be adjusted): | |
| ~~Skirting~~ | INCL | _____ | $ _____ |
| ~~Steps~~ | INCL | _____ | $ _____ |
| | | _____ | $ _____ |
| | | _____ | $ _____ |
| | | State Title Fee | $ 30 |
| | | Property & Casualty Insurance | $ _____ |
| | | Life Insurance | $ _____ |
| | | Home Service Protection | $ _____ |
| | | Total Price | $ _____ |
| | | Cash Deposit This Date | $ 6077.63 |
| | | Cash Due By __/__/__ | $ _____ |
| | | Trade-In: | |
| | | Gross Allowance | $ _____ |
| | | Lien Pay-off | $ _____ |
| | | Net Allowance | $ _____ |
| | | Unpaid Balance | $ 34,439.87 |

To be paid as follows:
☐ Purchaser(s) Paying Cash (Due By __/__/__)
☐ Purchaser(s) Request Financing Through Seller

Purchaser(s) have read, understand, and accept the specifications, terms and conditions on the front and back of this agreement. Purchaser(s) acknowledge that this agreement supercedes all prior negotiations, offers, agreements and representations, either oral or written. Purchaser(s) agree that if any portion of this agreement is deemed legally unenforceable, the balance shall remain in full force and effect. This agreement is an "offer to purchase" to the seller and does not bind seller until accepted and signed by an officer of the seller. Purchaser(s) acknowledge receiving a copy of this agreement.

NOTE: Wheels and axles are returned to the manufacturer for recycling and are not included in the price of the home.

TOTAL $ _____

Description of Trade-In
☐ Manufactured Home    ☐ Motor Vehicle    ☐ RV
Yr. _____ Make _____ Model _____
SER# _____ Size _____ x _____ Bedrms _____
☐ Other (Describe) _____

_____
_____
Lien $ _____ Owed To: _____

Purchaser x _Felix J Bentley_
SS# 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    Date __/__/__
Purchaser x _Teresa Bentley_
SS# 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    Date __/__/__
Accepted By: x _____    Authorized Agent of Seller

SEE ADDITIONAL TERMS ON REVERSE SIDE

WHITE COPY · SELLER    YELLOW COPY · PURCHASER    PINK COPY: FILE
© 1997 Clayton Manufactured Housing Group, Inc. All Rights Reserved



STATE OF
**ALABAMA**
DEPARTMENT OF REVENUE

## CERTIFICATE OF TITLE FOR A VEHICLE

# 319558

| TITLE NO. | VEHICLE IDENTIFICATION NUMBER | TRANS. CODE | DATE ISSUED |
|---|---|---|---|
| 24683728 | PHI402GA15906B | 01 | 07/30/1999 |

| YR. MODEL | MAKE | MODEL | BODY TYPE | PREV. AL TITLE NO. |
|---|---|---|---|---|
| 1999 | PIONEER 402 | | HT | |

| CYL | NEW | USED | DEMO | PURCHASE DATE | NO. LIENS | COLOR | ODOMETER |
|---|---|---|---|---|---|---|---|
| 00 | | XX | | 02/10/1999 | 1 | WHITE | EXEMPT |

NAME(S) AND MAILING ADDRESS OF OWNER(S)
BENTLEY FELIX J

28 CO RD 31
NOTSULGA    AL 36866

MAIL TO
BOMBARDIER CAPITAL INC
P O BOX 600763
JAX        FL 32260

RESIDENT ADDRESS IF DIFFERENT

LEGEND(S)

**RELEASE OF LIEN**
The holder of Lien on the vehicle described in this Certificate does hereby state that the lien described in said Certificate of Title is released and discharged.

_____
First Lienholder

1ST LIENHOLDER'S NAME ADDRESS AND LIEN DATE . 02/10/1999
BOMBARDIER CAPITAL INC
P O BOX 600763
JAX        FL 32260

By _____
Signature of Authorized Agent

Date _____

2ND LIENHOLDER'S NAME ADDRESS AND LIEN DATE

_____
Second Lienholder

_____
Signature of Authorized Agent

* This certificate serves as an official document of the Department of Revenue and prima facie evidence that an application for certificate of title has been made for the vehicle described herein, pursuant to the provisions of the Motor Vehicle laws of this state, and the applicant named on the face hereof has been duly recorded as the lawful owner of the vehicle as described. Further, the said vehicle is subject to the security interest by lien(s) shown hereon, if any. But, said described vehicle may be subject to a mechanic's lien or a lien given by statute to the United States, this State or any political subdivision of this State or other encumbrances not required to be filed with this Department.

Date _____

CONTROL NUMBER
22966965

COMMISSIONER OF REVENUE

KEEP IN A SAFE PLACE — ANY ALTERATION OR ERASURE VOIDS THIS TITLE



EXHIBIT
B

```
COR215  Payment Due                        Serv Reg: 38 AL                    11/09/06
Acct: 51713446 - 6                    AR  Follow-up Date: 11/08/06
Appl: BENTLEY, FELIX                  Home: 334-782-1484              Y Next#: _____
Coap:                                 Work: 334-782-3382 Y               Queue:     81
Msg: _____          BTTC: LEGAL SULLIVAN  Bankruptcy: N
-------------------------------------------------------------------------------------
  Payment Due      1202.32 + Late Due     235.00 = Amount Due     1437.32
Payment         Pmt Due    Prin & Int    Principal    Interest    Insurance    Escrow
Due Date       Less Late     Due            Due          Due          Due        Due
 8/15/06         379.38     300.26         55.70       244.56       79.12        .00
 9/15/06         411.47     332.35         88.52       243.83       79.12        .00
10/15/06         411.47     332.35         89.26       243.09       79.12        .00
11/15/06         452.33     332.35         90.00       242.35      119.98        .00
```

```
F2-Rmbr Acct F3-Exit    F4-Nxt in Q F17-Stats      F6-Acct Data  F7-Hist
F8-Late Chg  F9-Commit F10-Maint F11-Get Acct F12-Rtrn Rmbr Acct
```



EXHIBIT

C

IN THE CIRCUIT COURT OF MACON COUNTY
STATE OF ALABAMA

GREEN TREE SERVICING LLC,        §
successor servicer to            §
BOMBARDIER CAPITAL, INC.,        §
                                 §
        PLAINTIFF,               §
VS.                              §        CIVIL ACTION NO: CV-2006-162
                                 §
PEGGY BENTLEY,                   §
                                 §
        DEFENDANT.               §



### DEFAULT JUDGMENT

THIS ACTION came on Motion of the Plaintiff for a Default Judgment pursuant to Rule

55(b)(2) of the Alabama Rules of Civil Procedure and a copy of the Summons and Complaint

having been duly served on the Defendant, Peggy Bentley, on September 2, 2006, and the

Defendant, Peggy Bentley, not being an infant or unrepresented incompetent person, having

failed to plead or otherwise defend, and his default having been duly entered, and the

Defendant, Peggy Bentley, having taken no proceedings when such default was entered, it is

ORDERED and ADJUDGED that the Plaintiff, GREEN TREE SERVICING LLC,

successor servicer to BOMBARDIER CAPITAL, INC., is hereby granted possession from the

Defendant or any other party holding over through the Defendant, one mobile home described

as follows:

**One (1) 1999 24x52 Pioneer manufactured home VIN No: 15906A/B, which is located at 280 County Road 31, Notasulga, Alabama 36866.**

along with all fixtures, furniture and appliances purchased with the mobile home.

IT FURTHER APPEARING that the Defendant has remained in possession of the

collateral during the pendency of this case and for good cause shown, the automatic stay rule of



62(a) is waived and a Writ shall issue immediately upon application of Plaintiff for recovery of

the above-referenced collateral.

DONE THIS _____7_____ day of _____November_____, 2006.

_____
CIRCUIT COURT JUDGE

PREPARED AND SUBMITTED BY:

Gary E. Sullivan (SUL031)
SULLIVAN & GRAY LLC
POST OFFICE BOX 1759
TUSCALOOSA, ALABAMA 35403-1759
(205) 750-8111
Attorney for Plaintiff

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
## AT TUSKEGEE, ALABAMA

| | |
|---|---|
| FELIX J. BENTLEY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREEN TREE SERVICING LLC, et al., | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO. CV 2007-*66*

### NOTICE TO CLERK OF FILING DISCOVERY

To:     Hon. David Love, Jr., Clerk
        Circuit Court of Macon County
        P.O. Box 830723
        Tuskegee, Alabama 36083

Please take notice that the following discovery document has been filed on behalf of the Plaintiff:

( )     Interrogatories
( )     Answers to Interrogatories
(X)     Plaintiff's Request for Production of Documents Under Rule 34 to
        Defendant Green Tree Servicing LLC;
( )     Response to Request for Production
( )     Request for Admissions
( )     Response to Request for Admissions.
( )     Notice of Intent to Serve Subpoena to:
( )     Other: _____

DATED this the 7th day of June 2007.

JAMES R. BOWLES (BOW011)
Attorney for Plaintiff

OF COUNSEL:
Law Offices of James R. Bowles
PO Box 780397
Tallassee, Alabama 36078
(334) 283-6548

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
AT TUSKEGEE, ALABAMA

| | |
|---|---|
| FELIX J. BENTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREEN TREE SERVICING LLC, | ) |
| a limited liability company; Mandi | ) |
| Carter; and A, B, C, D and E, being | ) |
| those persons, firms, corporations, or | ) |
| other entities who directed or | ) |
| participated in any way in the removal, | ) |
| repossession, conversion, and/or taking | ) |
| from the possession of the Plaintiff, a | ) |
| 1999 Pioneer mobile home on or about | ) |
| January 12, 2007, whose names are | ) |
| unknown at this time but will be added | ) |
| by amendment when ascertained, | ) |
| | ) |
| Defendants. | ) CIVIL ACTION  NO. CV 2007-_Lolo |

FILED IN
CIRCUIT CLERKS OFFICE
MACON COUNTY, AL

2007 JUN -8  P 3 39

DAVID LOVE
CIRCUIT CLERK

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS UNDER RULE 34 TO DEFENDANT, GREEN TREE SERVICING LLC

Plaintiff requests Defendant to produce and permit Plaintiff to inspect and to copy

each of the following documents.

For purposes of this request, the term "document" includes, without limitation,

manuals, reports, memoranda, letters, computer printouts, handwritten notes,

photographs, drawings, e-mail, computer files, backup tapes, hard disks, drafts or non-

identical copies of final documents, and any "post-it" notes or similar notes attached to

any documents.  If any document requested is withheld under a claim of privilege,

identify each such document and state the date of the document; identify its author and

addressee and each person to whom copies of the document were furnished or to whom the contents were communicated; provide a summary of the subject matter of the document, its present location and custodian, the basis upon which the asserted privilege is claimed, and the requests to which the document is responsive.

For purposes of these Requests for Production, the term "Mobile Home" shall mean the 1999 Pioneer Mobile Home which the Plaintiff purchased in 1999 and which the Defendant held a lien upon.

1.     All documents reflecting the sale to the Plaintiff of the Mobile Home.

2.     All documents reflecting the financing of the Mobile Home, including all assignments of the notes, security agreements, and lien agreements affecting said mobile home.

3.     All correspondence between Bombardier Capital, Inc., and Defendant concerning the servicing of the indebtedness against Mobile Home and/or the assignment of said indebtedness to the Defendant.

4.     Copies of all correspondence between the Defendant and any agent or attorney of the Defendant and the Plaintiff.

5.     Copies of all correspondence between the Defendant or any agent or attorney of the Defendant and Victor Price.

6.     Copies of all interoffice memoranda and correspondence, including email, between or among agents of the Defendant (excluding documents subject to the attorney-client privilege) which in any way touch on or involve the Mobile Home.

7.     Copies of all correspondence (including email) between or among the Defendant or any agent of the Defendant and any other person, firm, or corporation

(excluding documents subject to the attorney-client privilege) which in any way touch on or involve the Mobile Home.

8.    Copies of any contracts, correspondence or other documents between the Defendant, or any agent of the Defendant, and any third party, addressing the manner and means by which the Mobile Home would be removed from the Plaintiff's property and the cost to be paid for such removal.

9.    The names and addresses of all persons, firms or corporations who participated in the removal of the Mobile Home from the Plaintiff's property.

10.    Any documents which reflect any communication with the Plaintiff by any agent or attorney of the Defendant, or any successor of the Defendant, concerning the Mobile Home.

11.    Any documents indicating the Plaintiff's payment history on the indebtedness secured by the Mobile Home.

12.    All delinquency notices or other similar documents sent to the Plaintiff by the Defendant regarding the indebtedness which was secured by the Mobile Home.

13.    Any documents which reflect that the Plaintiff was served with any type of process prior to the Mobile Home's being seized by the Defendant.

14.    Any documents reflecting the identity of Peggy Bentley.

15.    All correspondence between the Defendant, or any agent of the Defendant, and the Macon County Sheriff's Office, concerning the repossession of the Mobile Home.

16.    Copies of any insurance policies which would indemnify the Defendant against loss sustained as a result of this lawsuit.

17.    Copies of all documents that reflect what happened to the Mobile Home after the Defendant seized it, including documents reflecting the subsequent sale of the Mobile Home, the price obtained at the sale of the Mobile Home, and the disbursement of the sales proceeds from the Mobile Home.

18.    Copies of all photographs of the Mobile Home.

The above documents are to be made available for inspection and copying at the Law Offices of James R. Bowles, 2 South Dubois Avenue, Post Office Box 780397, Tallassee, Alabama 36078, within 45 days from the date of this request.

JAMES R. BOWLES (BOW011)
Attorney for Plaintiff

OF COUNSEL:
Law Offices of James R. Bowles
P.O. Box 780397
2 So. Dubois Avenue
Tallassee, Alabama 36078
(334) 283-6548
Fax: (334) 283-5366
(Email) JamesRBowles@aol.com

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
## AT TUSKEGEE, ALABAMA

FELIX J. BENTLEY,                    )
                                     )
    Plaintiff,                   )
                                     )
v.                                   )
                                     )
GREEN TREE SERVICING LLC,            )
et al.,                              )
                                     )
    Defendants.                  )    CIVIL ACTION  NO. CV 2007-*060*

## NOTICE TO CLERK OF FILING DISCOVERY

To:   Hon. David Love, Jr., Clerk
      Circuit Court of Macon County
      P.O. Box 830723
      Tuskegee, Alabama 36083

      Please take notice that the following discovery document has been filed on behalf of the Plaintiff:

    ( )    Interrogatories
    ( )    Answers to Interrogatories
    **(X)**   Plaintiff's Request for Production of Documents Under Rule 34 to
          Defendant Green Tree Servicing LLC;
    ( )    Response to Request for Production
    ( )    Request for Admissions
    ( )    Response to Request for Admissions.
    ( )    Notice of Intent to Serve Subpoena to:
    ( )    Other: _____

DATED this the 7th day of June 2007.

_____
JAMES R. BOWLES (BOW011)
Attorney for Plaintiff

OF COUNSEL:
Law Offices of James R. Bowles
PO Box 780397
Tallassee, Alabama 36078
(334) 283-6548

State of Alabama
Unified Judicial System
Form ARCivP-93  1/94

## COVER SHEET
## CIRCUIT COURT - CIVIL CASE
(Not for Domestic Relations Cases)

Case Number CV-07-66

Date of Filing: Month 6 Day 8 Year 07    Judge Code: XXX

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF __MACON__

Plaintiff __FELIX BENTLEY__                vs. Defendant __GREEN TREE SERVICING LLC & MANDI CARTER__

First Plaintiff  ☐ Business  ☒ Individual        First Defendant  ☒ Business  ☐ Individual
☐ Government  ☐ Other                                      ☐ Government  ☐ Other

**NATURE OF SUIT:** In the column of boxes preceding the categories listed below, number the boxes (in order of priority; one = highest priority) that best describes or categorizes the basis or theory of your suit. You may number up to five case types.

Torts Personal Injury

| | | |
|---|---|---|
| ☐ WDEA | -Wrongful Death | |
| ☐ TONG (3) | -Negligence: General | |
| ☐ TOMV | -Negligence: Motor Vehicle | |
| ☐ TOWA (4) | -Wantonness | |
| ☐ TOPL | -Product Liability/AEMLD | |
| ☐ TOMM | -Malpractice - Medical | |
| ☐ TOLM | -Malpractice - Legal | |
| ☐ TOOM | -Malpractice - Other | |
| ☐ TOXX | -Other _____ | |
| 5 | – Abuse of Process | |

☐ RPRO - Real Property
☐ ACCT - Account & Non-Mortgage
☐ COXX - Contract:  All other
☐ WETG- Wills/Trusts/Estates/Guardianships
☐ EQND-Non-Damage Actions (Declaratory Judgment, Injunction)
☐ MSHC-Habeas Corpus/Extraordinary Writ
☐ ADPA- Admin Procedure Act
☐ FELA - Railroad/Seaman (FELA)
☐ COMP - Workman's Compensation
☐ COND - Condemnation (Fruits of Crime, Rt of Way, Aband. Vehicle)
☒ CVXX - Other  __Fraud__

TORTS PROPERTY INJURY
☐ TOPE  - Personal Property
☐ TORE  - Real Property

ORIGIN (check one):   F ☒ Initial Filing     A ☐ Appeal from District Court     O ☐ Other: _____
                                      R ☐ Remanded               T ☐ Transferred from Other Circuit

HAS JURY TRIAL BEEN DEMANDED?  ☒ YES  ☐ NO

Note: Checking "Yes" does not constitute a demand for a jury trial (See Rules 38 and 39, ARCP, for procedure)

RELIEF REQUESTED:   $_____ Compensatory    $_____ General
                                    $_____ Punitive    ☒ NO MONETARY AWARD REQUESTED

ATTORNEY CODE: B O W O 1 1

_____ Date

_Signature of Attorney/party filing this form_

## DISPOSITION DATA  (TO BE COMPLETED BY THE COURT)

Disposition Date: ☐☐ Month ☐☐ Day ☐☐ Year    Administrative Docket: ☐☐ Month ☐☐ Day ☐☐ Year    Trial Begun No Verdict: ☐☐ Month ☐☐ Day ☐☐ Year    Judge Taking Final Action
Judge Code: ☐☐☐☐☐☐

| Judgement for Plaintiff | | | | Judgement for Defendant | | |
|---|---|---|---|---|---|---|
| Type: | | Amount: | | Type: | | Amount |
| F | ☐ Default | $_____ Compensatory | | F | ☐ Default | $_____ Compensatory |
| A | ☐ Consent | | | A | ☐ Consent | |
| M | ☐ Summary | $_____ Punitive | | M | ☐ Summary | $_____ Summary |
| N | ☐ Bench Trial | | | N | ☐ Bench Trial | |
| J | ☐ Jury Trial | $_____ General | | J | ☐ Jury Trial | $_____ General |
| O | ☐ Other: _____ | | | O | ☐ Other: _____ | |
| | ☐ NO MONETARY AWARD | | | | ☐ NO MONETARY AWARD | |

DISMISSALS
R ☐ Dismissed With Prejudice    T ☐ Transferred to Other Circuit/Venue
P ☐ Dismissed Without
S ☐ Prejudice    ☐ Other: _____

Trial Began ☐☐ Month ☐☐ Day ☐☐ Year    Number of Trial Days ☐☐
Trial Ended ☐☐ ☐☐ ☐☐

FILED IN CIRCUIT CLERKS OFFICE MACON COUNTY, ALA
2007 JUN -8 P 3: 08
DAVID LOVE CIRCUIT CLERK

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

FELIX BENTLEY,                              *
                                            *
        Plaintiff,                          *
                                            *        CASE NO. 3:07-cv-651-MEF
                                            *
v.                                          *
                                            *
                                            *
GREEN TREE SERVICING LLC, ET AL.,           *
                                            *
        Defendants.                         *

## CONSENT TO REMOVAL

COMES NOW Defendant, Mandi Carter, by and through the undersigned counsel,

and hereby consents to the removal of this action from the Circuit Court of Macon

County, Alabama to the United States District Court for the Middle District of Alabama,

Eastern Division.

_____
R. Austin Huffaker, Jr.
        Bar Number: (ASB-3422-F55R)
Attorney for Defendant Mandi Carter

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:  334/206-3100
Fax:  334/263-4157
E-mail:        rah2@rsjg.com

**EXHIBIT**

B

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

FELIX BENTLEY,                          *
                                        *
    **Plaintiff,**                      *
                                        *       **CASE NO. CV-07-66**
                                        *
**v.**                                  *
                                        *
                                        *
GREEN TREE SERVICING LLC, ET AL.,       *
                                        *
    **Defendants.**                     *

## NOTICE OF REMOVAL TO FEDERAL COURT

Please take notice that the Defendant in this action, Green Tree Servicing LLC, has filed a Petition for Removal of this action to the United States District Court for the Middle District of Alabama. A true copy of said Notice of Removal is attached and filed with the Clerk of this Court.

_____
R. Austin Huffaker, Jr. (HUF006)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: 334/206-3100
Fax: 334/263-4157
E-mail:      rah2@rsjg.com
**Attorney for Defendant Green Tree
Servicing LLC**



EXHIBIT
C

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 17th day of July, 2007, as follows:

James R. Bowles
P.O. Box 780397
Tallassee, AL 36078
JamesRBowles@aol.com

OF COUNSEL