IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FELIX BENTLEY, | * |
| Plaintiff, | * |
| | * CASE NO. 3:07-CV-651-MEF |
| v. | * |
| GREEN TREE SERVICING LLC, ET AL., | * |
| Defendants. | * |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT MANDI CARTER'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**Introduction**

This action concerns the January 12, 2007 repossession of a manufactured home owned by the Plaintiff, Felix Bentley ("Bentley"). Bentley does not dispute that he was in default in the 12 months preceding the repossession nor at the time the home was repossessed. Instead, he contends that he had an enforceable oral agreement with Green Tree Servicing LLC, through the conversations of the parties' attorneys, to forbear his default. Therefore, according to Bentley, because Green Tree Servicing LLC repossessed the home in contravention of the oral agreement, Green Tree Servicing LLC is guilty of Conversion and Fraud. Bentley also asserts claims of Negligence/Wantonness and Abuse of Process arising out of a replevin action filed by Green Tree Servicing LLC against

Peggy Bentley (an individual believed to be residing in the home). Even if Bentley's complaint allegations are taken as true, they do not state a claim against Defendant Mandi Carter ("Carter") and should be dismissed. To the extent any facts extraneous to the Complaint are necessary for disposition of this action, Carter requests this motion be converted to a summary judgment motion pursuant to Rules 12(b) and 56, Fed. R. Civ.

### Statement of Facts

In 1999, Felix Bentley purchased a new Pioneer manufactured home from Value Homes in Tuskegee, Alabama. [Compl., ¶ 2 & Ex. A to Compl.]. Bentley financed the purchase through a Manufactured Home Retail Installment Contract ("Installment Contract"). [Compl., ¶ 2 & Ex. A to Compl.]. The Installment Contract was secured by a lien on the manufactured home. [Compl., ¶ 2 & Ex. A to Compl.]. The Installment Contract required, among others, that Bentley make monthly principal and interest payments of $337.35 on or before the 15th of each month. [Ex. A to Compl.]. Under the Installment Contract, Bentley's failure to make a timely payment constituted a default. [Ex. A to Compl.][See also Exhibit A, p.3, to Green Tree Mtn.]. If after the expiration of a Notice of Default/Right to Cure, the holder of the Installment Contract could accelerate the indebtedness and/or repossess the home. [See Exhibit A, p.3, to Green Tree Mtn.].

The Installment Contract was subsequently assigned to Bombardier Capital, Inc. and then later to Green Tree Servicing LLC. [Compl., ¶¶ 3, 5].

As alleged in the Complaint, Bentley "got behind in his payments" after his work

hours were cut back. [Compl., ¶ 6]. On May 30, 2006, Green Tree issued a Notice of Default/Right to Cure letter to Bentley. [See Affidavit, attached as Ex. B to Green Tree Mtn.]. At the time, Bentley's default was approximately $1,274.97. [See Affidavit, attached as Ex. B to Green Tree Mtn.]. Bentley, however, did not cure his default within the 30 day cure period. [See Affidavit, attached as Ex. B to Green Tree Mtn.].

Therefore, on August 8, 2006, Green Tree filed a suit for replevin against Peggy Bentley (occupant of the home) in the Circuit Court of Macon County, Alabama. [Compl., ¶6 & Ex. B to Compl.]. Carter was not involved in the decision to file the suit, nor did she determine which individuals to name as defendants in that action. [Affidavit, attached as Ex. B to Green Tree Mtn.]. A default judgment was obtained in that action granting Green Tree possession of the home against the possessory rights, if any, of Peggy Bentley. [Compl., ¶9 & Ex. B to Compl.].

In December 2006, Bentley received a letter from Green Tree allegedly threatening repossession of the home if the payments were not brought current. [Compl., ¶10]. Bentley then retained attorney Vic Price to assist him "in negotiating a workout of the loan." [Compl., ¶10]. "Price reached an agreement with an attorney with the firm of Sullivan & Grey who purported to represent Green Tree Servicing LLC, whereby Green Tree Servicing LLC agreed that it would not repossess the Plaintiff's mobile home if the Plaintiff made a payment of $1,203.11 on or by December 15, 2006. This agreement was reached in a conversation between Price and the attorney with Sullivan & Grey which occurred over the telephone." [Compl., ¶11].

On December 12, 2006, Bentley brought Price the sum of $1,203.11, which was forwarded to Sullivan & Grey. [Compl., ¶12]. This payment, however, did not bring the account current because in excess of $450 was still owed on the account, excluding late fees and unbilled insurance premiums and attorneys fees. [Affidavit, attached as Ex. B to Green Tree Mtn.].

The home was repossessed on January 12, 2007. [Compl., ¶13]. At the time of repossession, the account was still past due in excess of $900. [Affidavit, attached as Ex. B to Green Tree Mtn.]. Carter was not present when the home was repossessed and has never exercised any control over the home, let alone ever seen the home. [Affidavit, attached as Ex. B to Green Tree Mtn.].

On June 8, 2007, Bentley filed this lawsuit against Green Tree and Mandi Carter asserting claims of Conversion, Fraud, Negligence/Wantonness and Abuse of Process arising out of the repossession of the home.

## ARGUMENT

### I.  Count I (Conversion) and Count II (Fraud) Are Due to Be Dismissed.

Count I (Conversion) and Count II (Fraud) are not directed to the acts or omissions of Carter. Accordingly, no response is needed. However, to the extent these claims are directed to Carter, Carter adopts and incorporates the Motion to Dismiss/Summary Judgment, and supporting memorandum brief, filed by Green Tree Servicing LLC on these two counts.

In addition, Count II (Fraud) fails to comply with the specificity requirements of Rule 9(b), Fed. R. Civ. P., and for that reason, the fraud claim, as against Carter, is due to be dismissed.

**II.     Count III (Negligence/Wantonness) Is Due to be Dismissed.**

As demonstrated in Green Tree Servicing LLC's Petition for Removal and in its Motion to Dismiss/Summary Judgment, Count III alleges that Green Tree and Carter were negligent/wanton in failing to name Felix Bentley as a defendant in the replevin action against Peggy Bentley (an individual believed to have been residing in the home). The gravamen of the claim is that Green Tree and Carter had a duty to name Bentley in the replevin complaint. This clearly is not the law, and therefore Count III (Negligence/Wantonness) is due to be dismissed for the reasons set forth in Green Tree Servicing LLC's Petition for Removal and Motion to Dismiss/Summary Judgment, which are adopted and incorporated herein.

In addition, this count is due to be dismissed as to Carter because she did not refer this matter to Green Tree's attorneys for filing a replevin action, did not provide any directions to Green Tree's attorneys as to who should or should not be a defendant, and filed no pleadings with the court in that action. These actions were performed by Green Tree's attorneys, not Carter. Thus, Carter could not owe a duty under the facts in this case.

In short, Carter, as a matter of law, cannot be negligent or wanton in failing to name Felix Bentley in a replevin lawsuit when Alabama law clearly provides that a creditor is under no such obligation. On the other hand, if there was a duty, Carter was

under no such obligation since she did not file the replevin action and she gave no instructions as to who should or should not be a defendant in that action.

### III.    Count IV (Abuse of Process) Is Due to Be Dismissed.

The claim for Abuse of Process also fails as a matter of law and therefore should be dismissed for the reasons asserted in Green Tree Servicing LLC's Removal Petition and Motion to Dismiss/Summary Judgment.

In addition, as shown by the exhibits to the Plaintiff's Complaint and the Carter Affidavit, Carter did not give any instructions as to who should and should not be a party in the replevin action, she filed no pleadings in that action, and "used no process" from that action. Furthermore, Carter was not present with the home was repossessed. Under these circumstances, Carter could not have committed an abuse of process.

### CONCLUSION

As shown above, the Complaint fails to state a claim upon which relief can be granted. For these reasons, Mandi Carter respectfully requests entry of an order dismissing the Complaint in its entirety, with prejudice.

_____
R. Austin Huffaker, Jr.
   Bar Number: (ASB-3422-F55R)
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: 334/206-3100
Fax: 334/263-4157
E-mail:    rah2@rsjg.com
**Attorney for Defendant Mandi Carter**

6

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 17th day of July, 2007, as follows:

James R. Bowles
P.O. Box 780397
Tallassee, AL 36078
JamesRBowles@aol.com

_____
OF COUNSEL