IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

FELIX BENTLEY,

    Plaintiff,

v.                                CASE NO. 3:07cv651MEFSRW

GREEN TREE SERVICING LLC, ET AL.,

    Defendants.

## MOTION TO REMAND

Comes now the Plaintiff, pursuant to 28 USC, Section 1447 and moves the Court to remand this cause to the Circuit Court of Macon County, Alabama, for the reasons set forth hereinbelow.

### FACTS AND PROCEDURAL HISTORY

Plaintiff filed his complaint in the Circuit Court of Macon County Alabama on June 8, 2007. The Complaint named as defendants, Green Tree Servicing, LLC (hereinafter "Green Tree") and Mandi Carter. The Complaint alleges that the Plaintiff and his family were residing in a mobile home in Macon County, Alabama, against which Bombardier Capitol, Inc., held a security interest. The note and security interest were later assigned and/or transferred to Green Tree.

It is undisputed that Plaintiff fell behind on his payments on the note during the summer of 2006. The Complaint alleges that in December of 2006, Plaintiff, working through Victor Price, the attorney representing him at the time, negotiated an arrangement with Green Tree whereby Green Tree agreed to forebear efforts to repossess the mobile home if Plaintiff would

pay Green Tree $1,203.11 on or before December 15, 2006. Plaintiff made the requested payment through Price. Plaintiff's next payment would have then been due January 15, 2007.

During the negotiations between Plaintiff and Green Tree, and unbeknownst to Plaintiff, Green Tree had initiated a civil action in the Circuit Court of Macon County against an individual named Peggy Bentley. Peggy Bentley does not reside with the Plaintiff and Plaintiff does not know who Peggy Bentley is. The subject matter of Green Tree's suit against Peggy Bentley was the recovery of the mobile home in which the Plaintiff resided. In connection with that suit, Mandi Carter, Collection Manager for Green Tree, signed an affidavit setting forth facts to support the issuance of a writ of execution directing the Macon County Sheriff to seize the mobile home and restore it to Green Tree. The affidavit executed by Carter indicated that she signed it in connection with Green Tree's suit against Peggy Bentley. The affidavit also indicated that the mobile home in question belonged to Felix Bentley, the Plaintiff in this case. Plaintiff was never served with any process in the Green Tree v. Peggy Bentley case. His Complaint alleges that he had no notice or actual knowledge of the Peggy Bentley case until January of 2007.

The Complaint continues by alleging that on January 12, 2007, Plaintiff received a call from his wife who was at the mobile home at the time. Plaintiff's wife informed him that Green Tree and its representatives were at the mobile home preparing to repossess it. Plaintiff went to the mobile home and was served with a writ of execution issued by the Circuit Court of Macon County directing the Sheriff to seize property of Peggy Bentley and restore it to Green Tree. The writ of execution contained a description of the Plaintiff's mobile home. Based upon this writ, Green Tree seized the mobile home over the objection of the Plaintiff.

2

Plaintiff has asserted claims against Green Tree for conversion and fraud, and against Green Tree and Mandi Carter for negligence and/or wantonness and abuse of process. The parties agree that Green Tree is a foreign corporation and that Mandi Carter is a resident citizen of Alabama.

On July 17, 2007, Green Tree filed a Notice of Removal with this Court. In support of removal, Green Tree alleges that Mandi Carter was fraudulently joined as a defendant to defeat diversity and that, in her absence, there would be diversity of citizenship between the parties entitling Green Tree to remove the case to Federal Court. Green Tree further contends that the amount in controversy in this case exceeds $75,000.00, a contention which Plaintiff does not contest. Plaintiff categorically denies the allegations of fraudulent joinder, contending that he has asserted valid causes of action against Mandi Carter under Alabama law and that the case is due to be remanded to the Circuit Court of Macon County.

## ARGUMENT

**1. Standard for establishing fraudulent joinder.**

A Defendant's right to remove a case from state to federal court is purely statutory and must be strictly construed against removal and in favor of state court jurisdiction. *Lackey v. Gateway Homes, Inc.*, 944 F. Supp. 870 (ND Ala. 1996); *Naef v. Masonite Corporation*, 923 F. Supp. 1505 (SD Ala. 1996). The test for determining whether a resident defendant has been fraudulently joined is whether there is ***any possibility*** that a Plaintiff can establish any cause of action against the resident. *Cabalceta v. Standard Fruit Company*, 883 F. 2d 1553, 1561 (11th Cir. 1989). The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent. *Coker v. Amoco Oil Company*, 709 F. 2d 1433, 1446 (11th Cir. 1993). In defining the scope of a defendant's burden, the Eleventh Circuit has instructed that a district

court must: (1) look to see whether there is no possibility the Plaintiff can establish any cause of action against the resident defendant and (2) look to see whether Plaintiff has fraudulently plead jurisdictional facts in order to bring the resident defendant into state court. *Cabalceta v. Standard Fruit Company*, 833 F. 2d 1553, 1561 (11th Cir. 1989). In making such determinations, the district court must resolve all questions of fact and controlling law in favor of the Plaintiff. *Id.* 1561.

### 2. Plaintiff has stated a valid cause of action against Mandi Carter for negligence and/or wantonness.

The gravamen of Plaintiff's complaint against Mandi Carter is that she signed an affidavit on behalf of Green Tree which was filed in a pending Macon County Circuit Court case filed by Green Tree against Peggy Bentley, and which affidavit was designed to, and did, result in the repossession of a mobile home from Felix Bentley who was not a party to, and had no notice of, that suit. The affidavit of Carter, attached to the Complaint as "Exhibit A," clearly demonstrates the accuracy of this allegation. Based upon Carter's conduct, Plaintiff has asserted claims against her for negligence and/or wantonness and abuse of process. Plainly, the claims against Carter have substantial and significant merit and her joinder to this action is entirely appropriate. Defendants' claim that Carter's joinder is fraudulent is patently frivolous.

While admittedly there is no Alabama case which could fairly be characterized as factually equivalent to the one now before the Court, an examination of basic tort principles and prior related Alabama decisions will leave little doubt that Plaintiff can maintain a cause of action against both Green Tree and Carter for the part each played in the alleged wrongful execution against his mobile home. The case of *Hutchinson v. Weaver*, 93 So. 899; 208 Ala. 280 (1922) allowed an aggrieved Plaintiff to recover damages against a Defendant who wrongfully

caused a sheriff to levy execution upon two mules, one mare, and three bails of cotton. Noting that the Plaintiff had been required to "reasonably exert himself" to recover his property, the Court found that the Plaintiff was "entitled to compensation for such exertions and also for monies expended for the same purpose, in a judicious and reasonable manner." *Id.* 899. Courts in other jurisdictions have likewise found that a cause of action exists against persons who wrongfully cause the issuance of writs of execution. See, *Lovejoy v. Murray*, 70 U.S. 1 (1865); *Schaub v. Welfare Finance Corp.*, 65 Ohio App. 68; 18 Ohio OP. 295; 30 Ohio L. ABS. 65; 29 NE 2d 223 (2d Dist. Shelby Co. 1939); *Foley v. Audit Services, Inc.*, 214 Mont. 403, 693 P. 2d 528 (1985). It has been held that a right of action for wrongful levy and execution accrues at the time of the breach of duty that makes the levy wrongful. *Little v. Sowers*, 168 Kan. 72; 204 P. 2d 605 (1949).

In the present case, the Plaintiff alleges that Mandi Carter had a duty to exercise due care in signing her name to the affidavit which resulted in the writ of execution being issued. To contend that Carter did not owe such a duty is an unreasonable and untenable position. One executing a document which will have the effect of causing a sheriff to seize a citizen's home ought reasonably to be charged with a duty to exercise due care in signing the document. Assuming Carter did have such a duty, the Complaint alleges facts sufficient to establish that she breached it. Her affidavit clearly shows that the Defendant in the lawsuit in which the affidavit was filed was Peggy Bentley. Likewise, the affidavit, just as clearly, reflects that the mobile home to be repossessed was the property of Felix Bentley. This discrepancy should have been sufficient to cause a reasonable person in Carter's position to question what she was signing. Plaintiff's Complaint alleges that Carter signed the affidavit without the exercise of due care. As such, her act was negligent and/or wanton and is thus actionable under Alabama law.

To establish negligence in Alabama, a Plaintiff must prove that the Defendant breached a duty owed by the Defendant to the Plaintiff and that the breach proximately caused the Plaintiff's injury or damage. *Prince v. Wal-mart Stores, Inc.*, 804 So. 2d 1102, 1104 (Ala. Civ. App. 2001); *Lowe's Home Ctrs., Inc. v. Laxon*, 655 So. 2d 943, 945-46 (Ala. 1994). Assuming that Carter owed Plaintiff a duty of due care in executing the affidavit, and that she breached such duty, Plaintiff has a viable cause of action if he can establish that an injury proximately resulted from the breach. In this case, Plaintiff has alleged that Carter's and Green Tree's actions caused the loss of his home, together with all of the damages that attend such a tragedy. Defendants will undoubtedly argue that they had a right to repossess the mobile home and thus Carter's act in signing the faulty affidavit was not the proximate cause of the Plaintiff's damages. The Complaint alleges, however, that Plaintiff had made arrangements with Green Tree to catch up any delinquent payments on the mobile home, that he had followed through with those arrangements, and that but for the wrongfully executed affidavit, he would not have lost his house. Whether Plaintiff can ultimately prove these facts is not a question to be answered at this point in the proceedings. All this Court need do at this time is determine whether there is ***any possibility*** that Plaintiff can prevail on this theory. At this point in the proceedings, the Court must resolve all factual ***and legal*** issues in Plaintiff's favor. Plaintiff has demonstratively stated a claim against Carter which is legitimate and viable. Defendants' assertion that this claim is fraudulent is utterly without merit.

3.   **Green Tree's rights under the Alabama Uniform Commercial Code do not excuse Carter's negligence in executing the affidavit.**

Defendants argue that Carter cannot, as a matter of law, be negligent in executing the affidavit because Alabama law does not require a creditor to obtain a writ of execution in order

to repossess property subject to a security interest. In support of this position, Defendant's rely upon section 7-9A-609, *Code of Alabama*, 1975, which authorizes a secured party to take possession of collateral "without judicial process, if it proceeds without breach of the peace." This argument finds no support in law. Alabama courts have never construed the privileges granted to secured creditors by section 7-9A-609 as giving *carte blanche authority* to engage in any type of conduct to secure repossession of collateral. In *Madden v. Deere Credit Services, Inc.*, 598 So.2d 860 (Ala. 1992) the Alabama Supreme Court acknowledged that a "secured creditor, in exercising the privilege to enter upon the premises of another to repossess collateral, may not perpetrate '[a]ny attempt or action manifesting force or violence, or naturally calculated to provide a breach of the peace,' *Crews & Green v. Parker*, 192 Ala. 383, 387, 68 So. 287, 288 (1915)." *Id.* 865. More recently, in *Callaway v. Whittenton,* 892 So.2d 852 (Ala. 2004), the court again recognized the parameters of the privilege granted to secured creditors by the statute. The *Calloway* court correctly characterized the right of self help repossession as a "limited privilege" rather than an absolute right. Finding evidence from which a jury could conclude that a breach of peace occurred during a vehicle repossession, the court reversed the trial court's grant of judgment as a matter of law and remanded the case for further proceedings.

In the present case, Plaintiff alleges that the repossession occurred through the wrongful procurement of a writ of execution. Pursuant to such writ, a Macon County deputy was present to assist in the repossession of the mobile home. Certainly, the presence of law enforcement is a "manifestation of force" that facilitated Green Tree's seizure of the mobile home. If the deputy's presence at the repossession was occasioned by the wrongful procurement of a writ of execution, then all wrongful conduct leading to the issuance of the writ is potentially actionable. It has long been held that a creditor may not resort to threats or intimidation to secure repossession of

collateral. *Ford Motor Company v. Ditton*, 52 Ala. App. 555, 295 So.2d 408 (Ala. Civ. App. 1974). Neither may a creditor resort to "fraud, trickery, chicanery, and subterfuge," to aid repossession. *Ford Motor Credit Co. v. Byrd*, 351 So.2d 555, 559 (Ala. 1977). As the court affirmed in *Byrd*, "possession of a chattel obtained through fraud, artifice, stealth or trickery ***without consent of the owner, implied or express***, is wrongful and will support an action for the conversion of the chattel." *Id.* 560. (Emphasis added) Here, it is alleged that the repossession was accomplished pursuant to a wrongfully issued writ of execution and not as the result of the consent of Plaintiff. The wrongful procurement of the writ is actionable under Alabama law, and Carter's participation in the act of procuring the writ renders her potentially liable.

Plainly, Carter may not escape liability for her negligent and/or wrongful conduct by shielding herself with section 7-9A-609. That statute does not allow a secured creditor to obtain possession of collateral without the implied or express consent of the owner, nor does it allow repossession accomplished by a show of force, such as procuring a deputy's presence at the repossession through a false affidavit. Contrary to the Defendant's assertion, Green Tree is not entitled, as a matter of law, to repossess Plaintiff's mobile home using an improper affidavit signed by its collection manager. The Plaintiff has stated a valid claim against both Defendants for negligence and/or wantonness, and the joining of Carter as a Defendant is a legitimate and proper strategy for the Plaintiff to employ, given the facts of this case.

**4.    Plaintiff has stated a valid cause of action against Mandi Carter for abuse of process.**

Plaintiff's Complaint alleges, in count 4, as follows:

> 27.    Defendants Green Tree Servicing, LLC and Mandi Carter, for a malicious and ulterior purpose, caused a writ of execution to be issued against an individual other than the Plaintiff, yet describing property owned by the Plaintiff, for the purpose of

8

> securing possession of the Plaintiff's property. The process employed in this case by the Defendants to obtain the writ of execution describing the Plaintiff's mobile home was improper, was accomplished with malice, was accompanied without probable cause, and the Plaintiff was damaged thereby.

In Alabama, the elements of the tort of abuse of process are: (1) the existence of an ulterior purpose; (2) a wrongful use of process; and (3) malice. *CC&J, Inc. v. Hagood*, 711 So.2d 947, (Ala. 1998); *Triple J Cattle, Inc. v. Chambers*, 621 So.2d 1221 (Ala. 1993). It is evident that Plaintiff has stated a claim against both Green Tree and Carter for abuse of process. Defendant cannot meet its burden of demonstrating that there is no probability that the Plaintiff can establish this cause of action. Clearly, process has been issued by Green Tree, with the aid of Carter, against property owned by the Plaintiff, and yet Plaintiff was not named as a party in that proceeding. This fact alone gives rise to the possibility, if not the inference, that wrongful conduct was involved on the part of the Defendants which was accompanied by malice. Whether Plaintiff can ultimately establish all of the elements of an abuse of process claim is not the relevant inquiry at this point. In considering Defendant's Motion to Remand, all the court must concern itself with is whether the cause of action stated against Carter is patently frivolous and alleged solely for the sake of defeating federal jurisdiction. Based upon the allegations of the Complaint, Plaintiff has stated a viable cause of action against Carter for abuse of process. Defendant's contention that Carter was fraudulently joined as a Defendant is completely devoid of merit. The case is due to be remanded to the Circuit Court of Macon County.

### 5.    Conclusion

Plaintiff has stated valid causes of action against Mandi Carter in both negligence and/or wantonness and for abuse of process. The elements of those claims have been properly plead in the Plaintiff's Complaint. There is no indication whatsoever that Carter's presence in this case is

a result of fraudulent joinder. The Complaint plainly establishes that Carter executed an affidavit identifying Plaintiff's mobile home as property to be seized in a case to which the Plaintiff was not even a party. Perhaps Carter will be able, at some point in these proceedings, to explain why this occurred, and perhaps her explanation will ultimately be sufficient to excuse her conduct. At this point, however, the Plaintiff's allegations are sound and state viable causes of action. There has been no fraudulent joinder. This case is due to be remanded.

                              JAMES R. BOWLES  
                              Attorney for Plaintiff  
                              Bar Number: (ASB-3306-E39J)

Of Counsel:

Law Offices of James R. Bowles  
2 South Dubois Avenue  
P. O. Box 780397  
Tallassee, Alabama 36078  
(334) 283-6548  
Fax: (334) 283-5366  
(Email) JamesRBowles@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of the same in the United States Mail, postage prepaid and properly addressed on this the 15th day of August, as follows:

R. Austin Huffaker, Jr., Esq.  
RUSHTON, STAKELY, JOHNSTON  
& GARRETT, PA.  
Post Office Box 270  
Montgomery, Alabama 36101-0270  
Email: rah2@rsjg.com