IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **FELIX BENTLEY,** | * |
| Plaintiff, | * |
| | * CASE NO. 3:07-cv-651-MEF-SRW |
| v. | * |
| **GREEN TREE SERVICING LLC, ET AL.,** | * |
| Defendants. | * |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

In its simplest, this is a wrongful repossession action. Plaintiff Felix Bentley claims that Defendant Green Tree Servicing LLC ("Green Tree") wrongfully repossessed his mobile home because he, through his attorney at the time, had an "oral agreement" to forbear his default.[1] In an attempt to defeat diversity jurisdiction between Plaintiff and Green Tree (which Plaintiff does not dispute as between these two parties), Plaintiff names as a defendant a non-diverse Green Tree employee, Mandi Carter ("Carter"). Plaintiff argues that Carter is liable for the repossession because she "owed the Plaintiff a duty to properly name the Plaintiff in any legal proceeding initiated by [Green Tree]" and "owed a duty to Plaintiff to assure that he was properly served with process prior to repossessing the mobile home in question." [Compl., ¶ 24]. Plaintiff goes on to allege

---

[1] Plaintiff does not dispute that he had defaulted on his loan with Green Tree. He merely claims that he had an enforceable oral agreement to forbear the default, which therefore made Green Tree's repossession of the home wrongful.

that Carter committed an abuse of process by executing on a writ of seizure "against an individual other than the plaintiff, yet describing property owned by the Plaintiff." [Compl., ¶ 27].

Recognizing that none of Plaintiff's allegations against Carter stated a claim as a matter of law, Green Tree removed this case from the Circuit Court of Macon County, Alabama. In its motion, Green Tree demonstrated, among others, that the Complaint as against Carter failed to state a claim because (1) Carter did not have any legal duty as a matter of law to name Plaintiff in a lawsuit for possession (replevin) of the home, (2) even if there was a duty, that duty existed as to Green Tree (the creditor) only, (3) Carter played no role whatsoever in determining who should and should not be a party to the underlying replevin action, and (4) the underlying action and the subsequent writ could not support an abuse of process claim against Carter because, as alleged in the Complaint, the writ of seizure was used for its proper and legitimate purpose and Carter was not present when the writ was served and therefore did not "use" process.

Apparently recognizing that Green Tree's argument bears merit, Plaintiff now shifts gears and attempts to articulate a new theory of liability for which he has yet to plead in his Complaint. Instead of demonstrating or explaining why he is a necessary or indispensable party in the replevin action, Plaintiff instead argues that Carter had a "duty of due care in executing the affidavit." [Doc. 9, p. 6]. Plaintiff makes this assertion, however, without showing how Carter has such a duty, or how it changes the threshold fact that Green Tree, as a matter of law, owed no duty to name Plaintiff in the underlying

replevin action. Absent a duty, Plaintiff's claims for negligence/wantonness, and the related claim of abuse of process, fail as a matter of law. For this reason, as well as the others set forth in Green Tree's Removal Petition [Doc. 1], and Carter's Motion to Dismiss [Docs. 7 & 8], require that Plaintiff's Motion to Remand be denied.

## ARGUMENT

First, as a threshold matter, Plaintiff does not dispute (and in fact admits) that Green Tree is a foreign corporation and that the amount in controversy is satisfied. [Doc. 9, p. 3]. Further, Plaintiff admits that only Counts III and IV apply to Carter. [Doc. 9, p. 3]. Accordingly, the sole issue before the Court is whether Green Tree has met its burden in showing that there is no possibility that Plaintiff can succeed as to Counts III and IV against Carter. See Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998)(noting that joinder is fraudulent when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"); Legg v. Wyeth, 428 F.3d 1317, 1325 n. 5 (11th Cir. 2005)(observing that "[t]he potential for legal liability must be reasonable, not merely theoretical."). Green Tree has met this burden, especially against Plaintiff's unsupported and theoretical claims of liability.

### There Is No Possibility of Success on Count III (Negligence/Wantonness) Because, As a Matter of Law, Carter Was Not Required to Name Plaintiff As a Defendant In the Possessory Suit

Count III alleges that Green Tree and Carter were negligent/wanton in failing to name Plaintiff as a defendant in the replevin (possessory) action against Peggy Bentley. The gravamen of the claim is that Green Tree and Carter "owed a duty to properly name

3

the Plaintiff in any legal proceeding initiated by them for recovery of the mobile home" and "owed a duty to Plaintiff to assure that he was properly served with process prior to repossessing the mobile home." [Compl., ¶24]. These assertions of a duty clearly are unsupported in the law, which Plaintiff concedes in his brief. [Doc. 9, p. 4, "While admittedly there is no Alabama cases which could fairly be characterized as factually equivalent to the one now before the Court. . . ."]. At best, Plaintiff's claim is "merely theoretical" because Plaintiff altogether fails to support it with any legal precedent whatsoever. See Adams v. Smith, 2006 U.S. Dist. LEXIS 93280, at *19 (M.D. Ala. 2006)("this court is mindful that it should not remand cases whose claims are merely theoretical").

As a threshold matter, the existence of a duty is a question of law for the Court. See Robinson v. Anheuser-Busch, Inc., 2000 U.S. Dist. LEXIS 22474, at *3 (M.D. Ala. 2000); Turner v. C.E. Minerals, Inc., 75 F. Supp. 2d 1303, 1307 (M.D. Ala. 1999). "[W]here there is no duty, there can be no negligence." Robinson, 2000 U.S. Dist. LEXIS, at *3 (quoting Rose v. Miller & Co., 432 So. 2d 1237, 1238 (Ala. 1983)). Here, the primary legal issue is whether Carter, as a non-party to the underlying legal proceeding, had a legal duty to name Plaintiff in the proceeding for possession of the home. She certainly did not, and therefore there is no possibility that Plaintiff can recover on this claim.

In Alabama, the rights and responsibilities concerning the repossession of collateral in a secured loan are governed by Alabama's version of the Uniform Commercial Code, Ala. Code § 7-9A-101, et seq. Under Alabama law, "a secured party

4

has on default the right to take possession of the collateral." See Boat Shack II, Inc. v. ITT Commercial Finance Corp., 584 So. 2d 1354, 1358 (Ala. 1991)(*quoting* Ala. Code § 7-9-503). With respect to the use of legal process and the repossession of collateral, Alabama law does not require a creditor to use legal process (whether that be legal process against the owner, occupants, or anyone who has custody and control over the secured collateral). Indeed, Alabama law explicitly provides that a secured creditor can proceed without judicial process:

> **After default, a secured party:**
>
> **(1)    may take possession of the collateral . . . .**
>
> > **(b) . . . A secured party may proceed under subsection (a):**
> >
> > > (1)    pursuant to judicial process; or
> > >
> > > (2)    **without judicial process,** if it proceeds without breach of the peace.

Ala. Code § 7-9A-609 (emphasis added). See also Thompson v. Ford Motor Credit Co., 550 F.2d 256, 258 (5th Cir. 1977)(noting that under Alabama law a creditor may repossess by self-help).

Thus, under Alabama law, Green Tree and Carter had no affirmative duty, as a matter of law, to name Plaintiff in the underlying replevin lawsuit. To the contrary, Alabama law explicitly provided that Green Tree could repossess the home "without judicial process."

Further, the underlying action was an action in replevin, which is simply a possessory action between the parties to that action. See Friedman v. Friedman, 2007

5

Ala. LEXIS 74 (Ala. 2007)(describing detinue actions). See also Ala. Code § 6-6-250, et seq.; Atlantic Bank of New York v. Metropolitan Food Group LLC, 2003 U.S. Dist. LEXIS 4164, at *5 (S.D.N.Y. 2003)("An action in replevin merely determines who between the plaintiff and defendant has a superior right to the personalty at stake; it does not as a practical matter impair or impede . . . [a third party's] ability to protect its interest.]; 66 AmJur 2d Replevin § 11 ("the plaintiff is not required to set up a title good against the whole world, but need only show a good title as against the defendant in possession. This is true even though a third party may have some interest in the property."); 66 AmJur 2d Replevin §§ 17 & 41. It is not a mandatory action, and it certainly is not an action intended to establish the rights of all parties who may potentially claim or have an interest in the collateral. See Bank of Keystone v. Wagensen, 152 F.R.D. 644, 647 (D. Wy. 1994). Indeed, "[o]ne who claims title to or the right to the possession of property replevied, adversely to the plaintiff, is not a necessary party." 145 A.L.R. 905. See also Bank of Keyston, 152 F.R.D. at 647.

 Here, the action filed by Green Tree was a common law possessory action that sought to establish Green Tree's right to possession of the home over the right, if any, of Peggy Bentley. Plaintiff was not a necessary party to that action. Indeed, Green Tree's obligations to him, and therefore his obligations to Green Tree with respect to the home, were governed by the Alabama Uniform Commercial Code, which clearly provided that Green Tree could repossess the home "without judicial process." To embrace Plaintiff's theory of liability would render Alabama Code § 7-9A-609 a nullity. Accordingly, Count III fails to state a claim as a matter of law.

**There Is No Possibility of Success on Count III (Negligence/Wantonness) Because Carter Played No Role In Determining Which Parties To Name As Defendants in the Possessory Action**

Aside from the fundamental fact that, as a matter of law, Green Tree was not required to name Plaintiff as a defendant in the possessory lawsuit, there is no possibility that Plaintiff can recover against Carter for another reason – that she played no role in the decision-making process concerning which individuals to name as defendants in the possessory action. This point goes unrebutted in Plaintiff's Motion to Remand.

First and foremost, the fundamental error in Plaintiff's argument is that Carter played some sort of role in determining who should and should not be a party in the possessory suit. She did not. As shown by the Affidavit of Mandi Carter (Doc. 5, Ex. B), she "did not personally refer this matter to the Sullivan & Gray law firm, and [she] did not give that firm any instructions as to which individuals to name in that action." (Doc. 5, Ex. B). Therefore, assuming the existence of a duty under Alabama law to name Plaintiff as a defendant in the suit, Carter could not have breached that duty because she did not participate in the process to determine which individuals to name as defendants, and she did not give Green Tree's attorneys any instructions whatsoever as to which parties to name. To the contrary, if any duty existed, that duty was owed only by Green Tree (the named plaintiff) and its attorneys.

Plaintiff's reliance upon an affidavit given by Carter in the underlying action does not give rise to a cause of action. First, as shown above, neither Carter nor Green Tree bore any duty to name Plaintiff in the possessory action and therefore any affidavit

7

subsequently given in that proceeding is irrelevant.  Further, Plaintiff's Complaint asserts that Carter was under a duty "to properly name the Plaintiff in any legal proceeding" and to "assure that he was properly served."  [Compl., ¶ 24].  Plaintiff has not alleged that Carter was under any duty with respect to an affidavit that was executed months after the lawsuit was filed.   Finally, on the issue of the affidavit, Plaintiff altogether fails to argue or demonstrate its relevance, how it can serve as the basis for liability, or how Carter was negligent or wanton in executing the affidavit.

Also, Plaintiff's reliance on a scattered selection of cases does not support Plaintiff's argument for the existence of a duty.  In all of the cases cited by Plaintiff (Lovejoy v. Murray, 70 U.S. 1 (1865); Schaub v. Welfare Finance Corp., 65 Ohio App. 68 (2nd Dist. Shelby Co., Ohio 1939); Foley v. Audit Services, Inc., 693 P.2d 528 (Mont. 1985)), the primary issue concerned damages for the wrongful execution on property of the plaintiff which the defendant creditor could not lawfully take.  None of these cases concerned or addressed the issue of a proper party to a proceeding for possession of property, and none of the cases addressed the issue of whether a creditor must file an action against a debtor for possession of secured collateral.

Finally, Plaintiff's attempt to distinguish away the application of Alabama Code § 7-9A-609 is without merit.  Plaintiff argues that the sheriff's physical presence on the day of the repossession constituted a manifestation of force because the home was repossessed through a wrongful writ of execution. [Doc. 9, p. 7].  Plaintiff, however, altogether misses the point. In his Complaint, Plaintiff claims that Carter breached a duty to name him in a possessory lawsuit because, according to Plaintiff, only through a

judicial order can Green Tree repossess the home. As already shown, Green Tree and Carter were under no such obligation.

Green Tree's (not Carter's) only obligation with respect to Plaintiff was to repossess the home without breaching the peace. A review of the Complaint affirmatively shows that Plaintiff has not asserted a claim for breach of the peace in connection with the repossession of the home.[2] Instead, he simply alleges that the repossession was wrongful because there was an oral forbearance agreement and because there was no court order granting Green Tree the right to repossess the home against the right of Plaintiff.

In short, there is no possibility of success on Plaintiff's theories of negligence and wantonness against Carter because she was not involved in the decision-making process of determining who to name as a defendant in the possessory suit.

### There is No Possibility of Success on Count IV (Abuse of Process)

There is also no possibility of success on Plaintiff's claim for abuse of process against Carter. In Count IV of his Complaint, Plaintiff contends that Green Tree and Carter committed an abuse of process by causing "a writ of execution to be issued against an individual other than the Plaintiff, yet describing property owned by the Plaintiff, for the purpose of securing possession of the Plaintiff's property." [Compl., ¶ 27]. There is no possibility of success on this claim, especially as to Carter, for several reasons.

---

[2] If a claim for breach of the peace was plead, Carter would not be liable for a breach of the peace because (1) she was not present when the home was repossessed, (2) she was not the creditor and has exercised no dominion or control over the home, and (3) there is no allegation that there was "any situation tending to disturb the public order." Madden v. Deere Credit Services, Inc., 598 So. 2d 860, 865 (Ala. 1992).

9

First, Plaintiff's claim of abuse of process is based upon the same erroneous assumption that Green Tree and Carter bore a legal duty to name Plaintiff as a defendant in the possessory action against Peggy Bentley. [See Doc. 9, p. 9, "Clearly, process has been issued by Green Tree, with the aid of Carter, against property owned by the Plaintiff, and yet Plaintiff was not named as a party in that proceeding."]. As shown above, there clearly is no duty. Accordingly, neither Green Tree nor Carter can be guilty of an abuse of process in connection with a writ of seizure issued against Peggy Bentley.

Second, Plaintiff's abuse of process claim against Carter is fatally flawed because, as shown by the Complaint, the writ of seizure was confined to its regular and legitimate function – to obtain possession of the home. In order to prove the tort of abuse of process, "a plaintiff must prove: (1) the existence of an ulterior purpose; (2) a wrongful use of process; and (3) malice." Preskitt v. Lyons, 865 So. 2d 424, 430 (Ala. 2003). As noted by the Alabama Supreme Court in discussing the tort:

> . . . If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse. . . . However, if the suit is brought, not to recover on the cause of action stated in the complaint, but for a collateral purpose, there is an abuse of process.

Duncan v. Kent, 370 So. 2d 288, 290 (Ala. 1979)(*quoting* 1 Am.Jur.2d Abuse of Process § 13)). In Preskitt, the Alabama Supreme Court listed several examples of legal processes for which an action will lie if the process is abused:

> Entering up judgment and suing out execution after the demand is satisfied; suing out attachment for an amount greatly in excess of the debt; causing an arrest for more than is due; levying an execution for an excessive amount; causing an arrest when the party cannot procure bail, and keeping him imprisoned until, by stress thereof, he is compelled to surrender property to which the other is not entitled.…

10

Preskitt, 865 So. 2d at 430-31 (quoting Dickerson v. Schwabacher, 58 So. 986, 988 (Ala. 1912)).

Here, the facts in the Complaint, even if true, do not support a cause of action for abuse of process.  The Complaint affirmatively shows that the suit was filed for possession of the home.  Indeed, Plaintiff's Complaint emphasizes that the writ was obtained and used to accomplish the very purpose for which it was designed – possession of the home. [See Compl., ¶ 27, alleging that the Writ of Seizure was obtained "for the purpose of securing possession of the Plaintiff's property."].  While there may or may not have been an occupant by the name of Peggy Bentley in the home, there is no allegation that the writ was used to accomplish something totally unconnected to the repossession of the home.  Absent an allegation and proof that the writ was used for a purpose wholly apart from that to which it was intended, a claim for abuse of process cannot exist.  See, e.g., Willis v. Parker, 814 So. 2d 857, 866 (Ala. 2001); Ross v. Ford Motor Credit Co., 867 S.W.2d 546, 554 (Mo. Ct. App. 1993).

Indeed, the Alabama Supreme Court recognized this very point in Willis v. Parker, 814 So. 2d 857 (Ala. 2001).  There, the appellate court reversed a judgment in favor of the plaintiff on a claim of abuse of process, finding that a writ of eviction, while sought against the wrong party, was nevertheless confined to its regular and legitimate function, i.e., the eviction of the believed tenant.  814 So. 2d at 865.  See also Dempsey v. Denman, 442 So. 2d 63, 65-66 (Ala. 1983).  Therefore, because the writ of eviction was confined to its proper and legitimate purpose, there could be no abuse of process.

11

Finally, the abuse of process claim fails because Carter did not "use" any process in the possessory action with respect to Plaintiff. As shown by the Carter affidavit and the Complaint, Carter did not determine who should or should not be a defendant in the replevin action, was not a named party to that proceeding, did not file any pleadings with the court, did not obtain the writ of seizure, did not serve the writ of seizure, and was not present when the home was repossessed. Moreover, the fact that Carter signed an affidavit during the preceding does not support a claim for abuse of process because "the tort of abuse of process is concerned with 'the wrongful use of process after it has been issued.'" See Shoneys, Inc. v. Barnett, 773 So. 2d 1015, 1025 (Ala. 1999)(rejecting plaintiff's argument that employee's testimony, given at a preliminary hearing, constituted "use" of process). Here, there is no allegation that Carter "used" any process after it was issued and, accordingly, Plaintiff's claim fails.

## CONCLUSION

As shown above, there is no possibility that Plaintiff can recover against Defendant Mandi Carter because the Complaint clearly fails to state a claim against her. Accordingly, Mandi Carter has been fraudulently joined, the claims against her are due to be dismissed, and Plaintiff's Motion to Remand should be denied.

/s/ Austin Huffaker
R. Austin Huffaker, Jr.
        Bar Number: (ASB-3422-F55R)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office Box 270

>Montgomery, Alabama 36101-0270
>Telephone:  334/206-3100
>Fax:  334/263-4157
>E-mail:       rah2@rsjg.com
>**Attorney for Defendant Green Tree**
>**Servicing LLC and Mandi Carter**

## CERTIFICATE OF SERVICE

I certify that on the 31st day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

>James R. Bowles
>P.O. Box 780397
>Tallassee, AL 36078
>JamesRBowles@aol.com

>/s/ Austin Huffaker
>OF COUNSEL

13