IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| FELIX BENTLEY, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )   CASE NO. 3:07-cv-651-MEF |
| | ) |
| GREEN TREE SERVICING LLC, *et al.*, | )   (WO-Not Recommended for Publication) |
| | ) |
|     DEFENDANTS. | ) |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand (Doc. # 9) filed by Plaintiff on August 15, 2007. This lawsuit was originally filed in the Circuit Court of Macon County, Alabama. Arguing that Plaintiff had fraudulently joined Defendant Mandi Carter, ("Carter") in order to defeat diversity jurisdiction, Defendant Green Tree Servicing LLC ("Green Tree") removed the action to this Court. Plaintiff seeks remand of this action contending that Carter was not fraudulently joined. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the Motion to Remand is due to be GRANTED because Carter was not fraudulently joined.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*,

511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that the federal court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Green Tree argues that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is defeated if *any* plaintiff shares the same state citizenship with *any* defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 292 F.3d 1334, 1337 (11th Cir. 2002). This rule is known as "complete diversity." *Id.* at 1338.

From the face of the Complaint it appears that there is not complete diversity of citizenship in this case because Carter and Plaintiff are both residents of Alabama. Green Tree argues that, due to the fraudulent joinder of Carter, the Court should disregard the citizenship of Carter for purposes of diversity jurisdiction and conclude that complete diversity between the parties exists. *See, e.g.*, *Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d

1319, 1325 (M.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) (("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the Court must address the issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[1] . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs*, 154 F.3d at 1287. A removing defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

---

[1] "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

This burden on the defendant is a heavy one. It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id*. If there is a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[2] In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish *any* cause of action against the resident defendant." *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir. 1989).

The Court has carefully reviewed the claims against the resident defendant and the arguments of the parties, and it must conclude that Carter has not been fraudulently joined.[3] According to the Complaint, his mobile home was seized on January 12, 2007 based upon a writ of execution issued by the Circuit Court of Macon County directing the Sheriff to seize

---

[2] It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'. . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

[3] Because of the Court's conclusion that the diversity of citizenship requirement has not been met, it need not and will not address the parties contentions about whether the amount in controversy requirement is satisfied.

property belonging to Peggy Bentley. The Complaint further alleges that the Plaintiff has no relationship with Peggy Bentley and that the mobile home was not the property of Peggy Bentley. The writ was issued based upon Carter's affidavit, which stated that the mobile home was in the possession of Peggy Bentley, that Peggy Bentley had defaulted on payments to Green Tree, and that Peggy Bentley had wrongfully refused to release the property to Green Tree.

The state of Alabama recognizes that a party may be liable for a wrongful execution. *See C & S Financial Servs. v. Bradley,* 501 So. 2d 1218, 1220 (Ala. 1987). Furthermore, it has been recognized that

> All persons who have anything to do with the wrongful issuance or levy of an execution, including persons who procure, direct, or assist in the commission of the wrongful act by the officer, are liable to the person injured thereby. Even a stranger or person not a party to the suit who officiously directs an officer in making a wrongful levy, or who accompanies an officer and assists him in the commission of the wrongful act, is equally liable with the officer for the injury sustained.

*Mica Indus. v. Penland*, 107 S.E.2d 120, 123-24 (N.C. 1959); *see also* 30 Am. Jur. 2d Executions § 526 ("Generally, liability [for wrongful execution] is premised upon direct participation in some way in a wrongful levy, as by *inducing* or directing it to be made or by the subsequent ratification or adoption of the wrongful act." (emphasis added)). Neither party has cited, and this Court has not found, any binding authority, directly on point, regarding whether a person can be liable for a wrongful execution based upon their affidavit in support of obtaining a writ of execution. However, the burden is on the defendant who

5

removed this case to federal court to show that the joinder was fraudulent. Accordingly, because it appears that it is *possible* that Plaintiff could state a claim against Carter for her participation in the seizure of Plaintiff's motor home, this Court finds that Carter was not fraudulently joined, and her citizenship must be taken into account for the purpose of determining whether complete diversity exists. Because Carter and Plaintiff are both citizens of Alabama, complete diversity does not exist and this Court lacks subject matter jurisdiction over the cause of action.

For the foregoing reasons, it is hereby ORDERED as follows:

(1) Plaintiff's Motion to Remand (Doc. # 9) is GRANTED.

(2) This case is REMANDED to the Circuit Court of Macon County, Alabama.

(3) The Clerk is DIRECTED to take appropriate steps to effect the remand.

(4) Any pending motions other than the motion to remand are left for resolution by the Circuit Court of Macon County, Alabama.

DONE this the 5th day of December, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).